570 P.2d 76 (1977)
280 Or. 163
In the matter of Unlawful Employment Practices Based Upon a Physical Handicap by Montgomery Ward and Company, Inc., an Illinois Corporation.
Montgomery Ward and Company, Inc., Respondent,
v.
BUREAU OF LABOR, Petitioner.
Supreme Court of Oregon.
Argued and Submitted July 11, 1977.
Decided October 18, 1977.
*77 W. Michael Gillette, Sol. Gen., Salem, argued the cause for petitioner. With him on the brief was Lee Johnson, then Atty. Gen., Salem. With him on the Petition for Review was James A. Redden, Atty. Gen., Salem.
Ridgway K. Foley, Portland, argued the cause for respondent. On the brief were Gregory W. Byrne and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.
Rudolph S. Westerband and Hollis K. McMilan, Portland, filed an amici curiae brief for The Governor's Committee on Employment of the Handicapped, et al., in support of position of petitioner.
Before DENECKE, C.J., and HOLMAN, HOWELL, BRYSON, LENT and LINDE, JJ.
HOLMAN, Justice.
This was a proceeding before the Commissioner of Labor under the Handicapped Persons' Civil Rights Act, ORS 659.400 et seq. The Commissioner held that Montgomery Ward was guilty of discrimination under the Act when it failed to hire a person because of physical disability. Montgomery Ward appealed to the Court of Appeals, which reversed the Commissioner. 28 Or. App. 747, 561 P.2d 637 (1977). Because this is a case of first impression involving the construction of a recent legislative act,[1] we allowed review.
One Williams, who was 52 years of age, applied to Montgomery Ward for a job as a heavy household appliance salesman. Six years before he had had a heart attack which left him suffering with continuing angina. After a physical examination by Montgomery Ward's doctor, employment was refused because of the heart condition. A proceeding was commenced by Williams before the Commissioner of Labor charging discrimination in hiring because of Williams' physical handicap.
At issue is the criterion under the Act for determining the disability which justifies a refusal to employ. The Commissioner described it as
"* * * a high probability of incapacitation while performing the ordinary tasks comprising the job in question." (Emphasis added.)
On the other hand, the Court of Appeals described it as
"* * * a reasonable medical possibility that the applicant might, because of the extent of disability and the nature of the work, be unable to perform the work or could experience injury as a result of attempting to perform it. * * *.
"* * * [W]here * * * the physician renders a reasonable and good-faith opinion that the applicant's condition is not compatible with the projected employment, the employer should not be held in violation of the Act for rejecting the applicant in reasonable and good-faith reliance on the advice of the physician." 28 Or. App. at 751-52, 561 P.2d at 639-40. (Emphasis added.)
The Court of Appeals then held that because the opinion of Montgomery Ward's doctor was reasonable and rendered in good faith, and because Montgomery Ward's reliance upon the doctor's opinion was in good faith, as a matter of law Montgomery Ward was not guilty of discrimination.
The issue on review is complicated by inconsistent statutory language. The definitions section of the Act, ORS 659.400, provides, in part, as follows:
"(2) `Physical or mental handicap' means a physical or mental disability including but not limited to sensory disabilities and resulting in a handicap unrelated to a person's ability to perform the duties of a particular job or position for which he would otherwise be eligible and qualified for employment or promotion, or a handicap unrelated to a person's ability to acquire, rent or maintain property." (Emphasis added.)
The operative job discrimination section, ORS 659.425, provides, in part, as follows:
"(1) It is an unlawful employment practice for any employer to refuse to *78 hire, employ or promote or to bar, discharge, dismiss, reduce in compensation, suspend, demote or discriminate in work activities, terms or conditions because an individual has a physical or mental handicap, unless it can be shown that the particular handicap prevents the performance of the work involved." (Emphasis added.)
The definitions section defines "handicap" as a "physical or mental disability * * unrelated to a person's ability to perform * * * a particular job * * *." The operative job discrimination section then says that "[i]t is * * * unlawful * * to refuse to hire * * * an individual [who] has a * * * handicap [disability unrelated to his job] unless * * * the particular handicap prevents the performance of the work involved." Because a disability unrelated to a job can never prevent performance of the job, there is no way the language commencing with the word "unless" in ORS 659.425(1) can make much sense. This leaves the statutes saying that it is unlawful to refuse to hire someone because of disability when the disability is unrelated to the job involved. This tells us very little about the disability which justifies a refusal to employ.[2]
In any event, the operative section, ORS 659.425, imposes an obligation on employers not to reject or otherwise discriminate against an employee for a physical or mental handicap unless the handicap "prevents the performance of the work involved." It may be that the introductory definition of a "handicap" as one "unrelated" to the job was merely an overzealous attempt to make the same point twice, without attention to the effect on the statute. However, this still leaves the question of what "prevents the performance of the work" means in ORS 659.425. How far does this test go beyond the employer's concern merely with on-the-job performance to reach also the possible danger to the health of the employee?
In a situation like the present one, it is appropriate to resort to the underlying policy considerations expressed by the legislature. These are set forth in ORS 659.405:
"Policy. (1) It is declared to be the public policy of Oregon to guarantee physically and mentally handicapped persons the fullest possible participation in the social and economic life of the state, to engage in remunerative employment, to use and enjoy places of public accommodation, resort or amusement, and to secure housing accommodations of their choice, without discrimination.
"(2) The right to otherwise lawful employment without discrimination because of physical or mental handicap where the reasonable demands of the position do not require such a distinction, and the right to use and enjoy places of public accommodation, resort or amusement, and to purchase or rental of property without discrimination because of physical or mental handicap, are hereby recognized and declared to be the rights of all the people of this state. It is hereby declared to be the policy of the State of Oregon to protect these rights and ORS 659.400 to 659.435 shall be construed to effectuate such policy." (Emphasis added.)
The policy considerations set forth can mean only that the legislature intended the fullest employment of handicapped persons which is compatible with the reasonable demands of the job. The reference to the participation of such persons in the social and economic life of the state seems to include a concern with their own health as well as with the merely economic interest of the employer in effective performance. Accordingly, we believe that the possibility that a particular job might be seriously injurious to a handicapped person's health comes within the terms of ORS 659.425 as well as the person's outright inability to perform it.
*79 The position of the Commissioner, the agency charged with administering the statute, is not to the contrary, since the probability of incapacitation to which the Commissioner refers concerns the employee's health as well as the employer's interest in continuity of job performance. However, we think that the Commissioner raises the standard beyond the policy of the statute when he requires a "high" probability of incapacitation, while the mere "reasonable possibility" expressed by the Court of Appeals lowers it too far.
It is our conclusion that the legislature intended by the statutory language to impose upon an employer the obligation not to reject a prospective employee because of a physical or mental handicap unless there is, because of the defect, a probability either that the employee cannot do the job in a satisfactory manner or that he can do so only at the risk of incapacitating himself. The "fullest possible participation in the * * * economic life of the state" and the "reasonable demands of the position" would seem to require no less a standard.
The question whether the employer acted in good faith or on reasonable grounds goes to the propriety of a sanction, but it does not control the employee's employment rights under the statute. The medical expert for the applicant testified that, considering the results of the physical examination by the physician for Montgomery Ward and the medical history furnished to him by the applicant, and, by inference, considering that the physician lacked the six years of medical experience which the expert had with the applicant, it was his opinion that the recommendation of the physician for Montgomery Ward not to hire applicant was reasonable. As we read the Act, there is nothing therein to indicate that it was the intention of the legislature to exclude from the purview of the Act employers who acted in good faith and upon reasonable appearances. The emphasis is entirely upon whether the applicant is capable of fulfilling the job requirements. Language such as, "unrelated to a person's ability to perform," "prevents the performance," "reasonable demands of the position," and "fullest possible participation in the * * * economic life of the state," obviously does not speak of reasonable appearances to the employer or of the employer's good faith in failing to employ the applicant. The expert testimony on both sides is unanimous that the employer's action was reasonable under the circumstances known to it, and this testimony is relevant to whether sanctions and damages may be levied against the employer.
The evidence in this case is in dispute concerning whether the criterion set forth has been violated by Montgomery Ward. Therefore, the decision of the Court of Appeals is reversed and the case is remanded for a determination on the present record by the Commissioner in accordance with this opinion.
NOTES
[1] Oregon Laws 1973, ch. 660.
[2] The legislative history throws little light upon the reasons for the confusion. It does show that the confusing portion of the latter statute, ORS 659.425(1), was considered by a conference committee of the two houses of the legislature, who deleted material therefrom which was less uncompromising than the language "prevents the performance" and which theretofore had been an alternative to such language.