Argued April 18, affirmed as modified September 17,
reconsideration denied October 25,
petition for review denied November 7, 1979 (288 Or 81)

In the Matter of Unlawful Employment Practices
Based Upon a Physical Handicap
by Montgomery Ward and Company, Inc.,
MONTGOMERY WARD AND COMPANY, INC.,
*Petitioner,*

*v.*

BUREAU OF LABOR,
*Respondent.*

(No. 2-76, CA 11839)

600 P2d 452

 ─────────

─────────

Ridgway K. Foley, Jr., Portland, argued the cause for petitioner. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, and Ancer L. Haggerty, Portland.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson, and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Montgomery Ward (Employer) appeals an order of the Commissioner of Labor finding it had unlawfully discriminated against complainant in violation of the Handicapped Persons' Civil Rights Act, ORS 659.400 *et seq.* This is the second appeal in this case. The Supreme Court in *Montgomery Ward v. Bureau of Labor*, 280 Or 163, 570 P2d 76 (1977), reversed our prior decision (28 Or App 747) and remanded the case to the Commissioner for a ruling on whether the evidence presented at the hearing met the standard set forth in the opinion. On remand, the Commissioner determined Employer had violated the Act and awarded damages to complainant for back pay, less his actual earnings, and $2,000 for humiliation and mental suffering.

Employer appeals contending the Commissioner's finding of discrimination was not supported by substantial evidence and that the award of damages for humiliation and mental suffering was improper.

In addressing Employer's first contention we note on remand the Commissioner's order was based on the original record and no new evidence was presented. The facts are adequately set out in *Montgomery Ward v. Bureau of Labor*, 28 Or App 747, 561 P2d 637, *reversed* 280 Or 163, 570 P2d 76 (1977).

In summary, claimant had been refused employment as a heavy appliance salesman in Employer's retail store because of a previous heart attack and a history of cardiac problems. The record contained two conflicting medical opinions as to whether claimant could handle the duties required by the job without becoming incapacitated. Employer's company physician, after examining claimant for approximately one-half hour, concluded the job was incompatible with claimant's physical condition. Claimant's personal physician, a cardiologist who had treated him and monitored his condition for approximately eight years,

testified claimant could perform the duties required without a substantial risk of incapacitation. The Commissioner resolved the conflict by according greater weight to the opinion of claimant's physician. He relied on that opinion in applying the standard set forth by the Supreme Court:

> "It is our conclusion that the legislature intended by the statutory language to impose upon an employer the obligation not to reject a prospective employee because of a physical or mental handicap unless there is, because of the defect, a probability either that the employee cannot do the job in a satisfactory manner or that he can do so only at the risk of incapacitating himself.* * *" 280 Or at 168-69.

■ We conclude there was substantial evidence to support the Commissioner's finding that claimant could do the job satisfactorily and without the risk of incapacitating himself.

In the second and final contention, Employer argues there was no basis for an award of $2,000 damages for humiliation and mental suffering. Respecting these damages, the Commissioner made no finding that claimant suffered humiliation or mental anguish because of the discrimination. The Commissioner merely concluded that because of the events leading up to the rejection of claimant, he had suffered "distress, humiliation, mental pain and anguish." It appears that the award of these damages was based on the Commissioner's conclusion that Employer had acted unreasonably and in bad faith in declining to employ claimant.

■ Damages for humiliation and mental suffering are damages for actual harm. *See School District No. 1 v. Nilsen,* 271 Or 461, 534 P2d 1135 (1975); *Williams v. Joyce,* 4 Or App 482, 479 P2d 513, 40 ALR3d 1272, *rev den* (1971). They are not awarded as a penalty for unlawful discrimination. Whether the Employer acted unreasonably and in bad faith may be relevant in assessing such damages, *Montgomery Ward v. Bureau*

*of Labor*, 280 Or 163, 570 P2d 76 (1977), but the evidence must support a finding of humiliation and mental anguish before an award can be made. Unlike racial discrimination, discrimination because of a physical handicap does not necessarily support an inference of indignity or that handicapped persons are inferior. There is no basis in the record or the findings of the Commissioner to support the award of damages for humiliation and mental suffering. *See School District No. 1 v. Nilsen, supra.* That provision is removed from the order and the balance of the order is affirmed.

Affirmed as modified.