Argued and submitted June 5, reversed and
remanded September 8, reconsideration allowed, former
opinion adhered to as modified (48 Or App 927, 630 P2d 867)
October 27, petition for review
denied November 25, 1980 (290 Or 171)

CARNEY,
*Respondent,*

*v.*

GUARD PUBLISHING COMPANY,
*Appellant.*

(No. 78-2391, CA 15485)

616 P2d 548

Phil Cass, Jr., Eugene, argued the cause for appellant. With him on the brief was Young, Horn, Cass & Scott, Eugene.

David Jensen, Eugene, argued the cause for respondent. With him on the brief was Hammons & Jensen, Eugene.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

## THORNTON, J.

In this action for back pay for failure to reemploy a worker who sustained a compensable injury, defendant Guard Publishing Company appeals the judgment for plaintiff in the sum of $20,000. Defendant advances three assignments of error, each of which challenges the trial court's refusal to give a particular jury instruction:

> 1) Refusing to instruct the jury that if defendant offered plaintiff a specific suitable job and if plaintiff did not take it, defendant's obligation was satisfied.

> 2) Refusing to instruct the jury that plaintiff's measure of damages was not measured by the wages of his former employment.

> 3) Refusing to instruct the jury that a job which required a substantial training period was not a suitable job which defendant was required to offer plaintiff.

Plaintiff's action is based on defendant's alleged violation of the statutory duty to reemploy him. ORS 659.420. In essence, the statute provides that injured workers must, upon demand, be reemployed by their former employer at available and suitable work. We reverse and remand.

The essential facts are as follows:

Plaintiff was employed as a stereotyper (a preparer of stereotype printing plates) by defendant publishing company. On November 10, 1973, plaintiff sustained a compensable back injury. He was awarded temporary total disability through March 5, 1974, temporary partial disability through August 5, 1974, and permanent partial disability of 40 percent for unscheduled back injury.

Plaintiff requested reemployment from defendant on May 1 and October 5, 1974, but was not offered a position. Prior to those requests, however, plaintiff met with defendant's personnel manager on February 12, 1974, to discuss the possibility of returning to work. Defendant at that time offered plaintiff a

position as an "opaquer," provided plaintiff could secure a release from his doctor. "Opaquing" is described by defendant as covering over imperfections or blank spots in a photographic negative of a newspaper page with a child's paint brush or a pen, prior to transferring the image from the negative onto a printing plate. Plaintiff immediately secured a release from his doctor and spent time observing workers in the opaquing room. The supervisor who showed plaintiff the opaquing job testified that plaintiff told him he could not do the job because his hand was not steady enough. Plaintiff denied making any such statement to the supervisor, but did not accept the job.

We note at the outset that ORS 659.121(1)[1] recognizes a private cause of action for persons aggrieved by employment practices violative of ORS 659.420 and empowers the court to award "injunctive relief and * * * such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay." Plaintiff, however, did not proceed under this statute. Plaintiff apparently believed he had an independent cause of action for damages for defendant's violation of ORS 659.420, because his complaint was denominated an action at law for damages and the case was tried to a jury. Because defendant has neither objected to the jury trial nor questioned whether the

---

[1] ORS 659.121(1) was added to ORS ch 659 in 1977, Oregon Laws 1977, ch 453, § 6, and currently provides:

"Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS 659.024, 659.026, 659.030, 659.410, 659.415, 659.420 or subsection (1) of 659.425 may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay. Back pay liability shall not accrue from a date more than two years prior to the filing of a complaint with the Commissioner of the Bureau of Labor and Industries, pursuant to ORS 659.040, or if no such complaint has first been filed, then, more than two years prior to the filing of the civil suit provided for in ORS 659.040, 659.045, 659.095 and this section. In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees."

equitable remedy authorized by ORS 659.121(1) impliedly precludes a damages action for violation of ORS 659.420, we need not decide whether ORS 659.121 supplies the sole basis for a suit for violation of ORS 659.420, or, if so, to what extent it limits the remedies available.[2]

Defendant first assigns as error the trial court's refusal to give the following requested instruction:[3]

"In this case the Defendant claims that it did offer the Plaintiff work as an opaquer, which work was available and suitable for the Plaintiff and that the Plaintiff refused the work. If you find that such work was offered and that it was suitable and that Plaintiff did not take such work, then the Defendant has fulfilled its obligation under the statute and was not required to offer Plaintiff other work, even if such work was also suitable."

ORS 659.420 provides:

"(1) A worker who has sustained a compensable injury and is disabled from performing the duties of the worker's former regular employment *shall, upon demand, be reemployed by the worker's employer at employment which is available and suitable.*

---

[2] On the question of remedies available to persons aggrieved by discriminatory practices violative of ORS ch 659, *compare, School District No. 1 v. Nilsen,* 271 Or 461, 486 P2d 1135 (1975); *Fred Meyer v. Bureau of Labor,* 39 Or App 253, 262, 592 P2d 564, *rev den* 287 Or 129 (1979); *Williams v. Joyce,* 4 Or App 482, 494-505, 479 P2d 513, *rev den* (1971) (in administrative actions under ORS ch 659 the Labor Commissioner has authority to award compensatory damages for discrimination), *with Fred Meyer v. Bureau of Labor, supra* at 270-73 (Buttler, J., specially concurring) (suggests that the 1977 amendment to ORS ch 659, Oregon Laws 1977, ch 453, § 6, removes the Labor Commissioner's authority to award compensatory damages, and similarly precludes compensatory damages in civil employment discrimination actions brought under ORS 659.121(1)); and *Brown v. Transcon Lines,* 284 Or 597, 611, 588 P2d 1087 (1978) (suggests that the 1977 amendment to ORS ch 659 may, by necessary implication, demonstrate a legislative intent to abrogate or supersede any previously existing common law remedy for damages for unlawful employment practices).

[3] Although defendant's assignments of error relate to jury instructions, they raise questions of law which are central to employment discrimination actions regardless of whether a case is tried to a jury or to the court.

"(2)   A certificate of the worker's attending physician that the worker is able to perform described types of work shall be prima facie evidence of such ability.

"(3)   Such right of reemployment shall be subject to the provisions for seniority rights and other employment restrictions contained in a valid collective bargaining agreement between the employer and a representative of the employer's employes.

"(4)   Any violation of this section is an unlawful employment practice." (Emphasis supplied.)

Subsection (1) of the statute plainly requires that: (1) upon demand (2) the employer shall reemploy an injured employe (3) at work which is available and (4) suitable.

■ ■      The policy of the Act is "the fullest employment of handicapped persons which is compatible with the reasonable demands of the job." *Montgomery Ward v. Bureau of Labor,* 280 Or 163, 168, 570 P2d 76 (1977); ORS 659.405. Nevertheless, an employer's statutory duty to reemploy injured workers is not absolute. For example, the duty arises only "upon demand" and only if suitable work is available. Although injured workers occupy a preferred hiring position and *must* be reemployed if suitable positions are available, the Act does not require an employer to substitute an injured employe for a noninjured one, or to create positions specifically for previously injured workers.

■      Similarly, the Act cannot be read to bestow an indefinite preferential hiring status upon injured workers. The employer's statutory duty expires once it has offered a suitable position to the injured worker. An employer is neither obligated to offer a selection of equally suitable jobs nor to hold open its offer for an unreasonable period. Thus, defendant's requested instruction is a correct statement of the law. Here there was evidence from which the jury could have found that suitable work was offered and that plaintiff

declined the position.[4] Therefore, the trial court's refusal to instruct the jury regarding the *extinguishment* of defendant's statutory duty to reemploy was reversible error. *DeLashmitt v. Journal Pub. Co.,* 166 Or 650, 661, 114 P2d 1018, 135 ALR 1175 (1941).

We next address defendant's remaining assignments since the questions they raise will be involved in the case on remand.

■ Defendant's second assignment is that the court erred by refusing to instruct the jury that plaintiff's recovery of lost wages is "not to be measured by the wages Plaintiff was earning before his injury." The court's instruction stated that plaintiff's recovery was to be measured by "the wages that Plaintiff lost from the date that he would have begun work in a job that was available and suitable * * *." That instruction is an accurate statement of the time period for which lost wages are measured. Defendant's requested addition to that instruction was merely cumulative and cautionary. In light of the fact that evidence of plaintiff's prior position and earnings was admitted on the

---

[4] Plaintiff contends that he was under no obligation to accept defendant's employment offer because he was not medically stationary at the time it was made, and in fact was still receiving temporary total disability payments. As a matter of common sense one can assume that an injured worker should not be required to decide upon an employment offer before he knows the extent of his physical disability, at least to a reasonable degree of certainty. Without such knowledge, no reasoned assessment of "suitable" employment can be made. However, an injured worker's condition does not necessarily need to be medically stationary for purposes of determining a disability award before a reasoned assessment of suitable reemployment can be made. Here, for example, regardless of whether plaintiff's condition stabilized at 40, 50, or 60 percent of unscheduled back disability, it may well have been obvious within a few months of the injury that plaintiff would be limited to work which did not involve any lifting or significant physical activity. We do not anticipate significant problems to arise with respect to the question of when a worker will be required to decide upon the suitability of proffered employment, because in the typical case an injured worker will neither demand reemployment nor furnish a medical certificate releasing him for specified types of work until he feels he is able to reasonably assess his disability. That is precisely what occurred in this case; plaintiff approached his employer seeking reemployment and furnished a medical certificate releasing him to work. Therefore, plaintiff cannot now be heard to complain that his employer's offer was premature.

issue of what would have constituted suitable employment, the court could properly have added defendant's cautionary language to its instruction. However, we cannot say that the failure to give the instruction probably created an erroneous impression of the law in the minds of the jury. *Waterway Terminals v. P. S. Lord,* 256 Or 361, 370, 474 P2d 309 (1970).

Defendant's third assignment raises the question of what constitutes suitable employment under ORS 659.420(1). Specifically, defendant contends that the court erred by refusing to give the following instruction:

> "You are instructed that a job which Plaintiff could not perform without a substantial training period to determine if he could do the job is not a job which was suitable for Plaintiff and which Defendant was required to offer Plaintiff."

The court instructed the jury only that a suitable job within the meaning of the statute was one in which "there was a probability that he [plaintiff] could perform * * * [the] work in a satisfactory manner."

■ The question of what constitutes suitable work is a question of fact which depends on the circumstances of each case. Certain factors, however, will be relevant in determining suitability in all cases. These include the employe's educational background and work experience, his prior salary and level of responsibility, the nature and severity of his disability, and his record with the employer, as well as the employer's size, diversity, and hiring needs. Thus, suitability does not involve solely the question of whether an injured worker is physically capable of performing available work. We do not imply that an employer must offer the worker the *most* suitable job or a selection of jobs which are relatively equally suitable; as discussed earlier in this opinion, the offer of one suitable position satisfies an employer's duty under the statute. On the other hand, it is manifest that an employer would not meet its statutory duty by offering a ministerial job to a worker who previously occupied a supervisory position, provided the employer regularly had available supervisory positions which the worker would be capable of performing.

In *Montgomery Ward v. Bureau of Labor, supra,* 280 Or at 168-69, the court construed section 7 of the Act, ORS 659.425, to require that an employer may not refuse to hire a person because of his physical or mental handicap "unless there is, because of the defect, a *probability* either that the employe cannot do the job in a satisfactory manner or that he can do so only at the risk of incapacitating himself." (Emphasis supplied.) The court also noted that the emphasis of the Act "is entirely upon whether the applicant is capable of fulfilling the job requirements." 280 Or at 168.

■     The Act protects handicapped individuals from employment discrimination but it does not reach so far as to require substantial rehabilitation of injured workers. *E.g.,* ORS 656.268(1), (5), 656.283, 656.727.

■     As the Supreme Court noted in *Montgomery Ward,* the focus of the Act is on whether handicapped individuals are capable of fulfilling job requirements. With this in mind, we conclude that a position which the injured could not perform without substantial training or rehabilitation is not "suitable" within the meaning of ORS 659.420(1).

A significant amount of evidence was admitted at trial regarding positions that plaintiff alleged were available and suitable. Defendant countered with evidence of the substantial training which would be required before it could determine if plaintiff could adequately perform these jobs. In light of the emphasis placed on various available jobs and plaintiff's qualifications for them, we conclude that the trial court erred by failing either to give defendant's requested instruction or to include in its own instruction the following language:  A suitable position is one that plaintiff probably could, *without substantial rehabilitation or retraining,* perform in a satisfactory manner.

Reversed and remanded.