Argued and submitted November 15, 1984, affirmed as modified April 17, 1985

In the Matter of the Marriage of

JACKSON,
*Respondent,*
*and*

JACKSON,
*Appellant.*

(D8304-62507; CA A31823)

698 P2d 549

Douglas M. Fellows, Portland, argued the cause for appellant. On the brief were Cynthia L. Barrett, and Fellows & McCarthy, Portland.

Michael P. Opton, Portland, argued the cause for

respondent. With him on the brief were Marcia Lance-Bumb, and Opton & Galton, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

**WARREN, J.,**

Husband appeals from a decree of dissolution, seeking a modification of two provisions. The trial court awarded wife one-half of husband's pension that was earned during their marriage as part of the division of marital property. The court also awarded wife permanent support of $1,400 per month. Husband requests that the pension not be divided as a marital asset and that we decrease the amount of support. We review *de novo,* affirm the division of the pension as a marital asset, ORS 107.105(1)(f), and modify the support provision.

The parties' marriage lasted 25 years. Their children are adults and are not provided for in the decree. Husband is 51 years old; wife is 44 years old and in excellent health. She is a high school graduate and attended one term of college. She was a homemaker during the marriage and has no occupational training. Husband's current net salary is approximately $2,700 per month. Wife's monthly expenses are approximately $1,300.

Given the length of the marriage, an award of permanent support is appropriate. However, considering wife's relative youth, her excellent health and the legislative policy to encourage the parties' independence and self-support, ORS 107.105(1)(d)(E), we conclude that an award of stepped-down support is appropriate. *See, e.g., Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 169, 572 P2d 1320 (1977); *Tannler and Tannler,* 68 Or App 432, 438, 683 P2d 110 (1984). That type of award will allow wife to maintain her current standard of living while she trains herself for entry into the labor market and will provide her with an incentive to become, at least partially, self-supporting.

For these reasons, we modify the decree to order that husband pay support in the amount of $1,300 per month for four years from the date of the original decree, $900 per month for the next three years, and $500 per month on a permanent basis thereafter.

Affirmed as modified. No costs to either party.

**ROSSMAN, J.,** dissenting.

Because I regard the majority's strained modification of the trial court's decree as tinkering, I dissent.

I understand the majority's motives. Wife should attempt to attain some measure of self-sufficiency; husband cannot be expected to be a guarantor of 100 percent of her living expenses for the rest of her life. However, I believe the majority's methodology is suspect. It puts the cart before the horse by fashioning a stepped-down support plan that is based on the majority's sense of what ought to be, rather than on objective evidence that is present in this record.

In pursuit of its objective, the majority cites *Tannler and Tannler,* 68 Or App 432, 438, 683 P2d 110, *rev den* 297 Or 547 (1984). *Tannler* simply does not authorize what the majority has done in this case. It is true that we adopted a stepped-down support plan in that case, but we had *solid evidence* on which to base that decision. There, the wife had secretarial experience and had just completed course work in word processing. Given her improving job skills and earning potential, we were able to conclude that her income would have increased enough in three years to justify a reduction of her spousal support.

This case is a completely different matter. I have read every bit of this record, and there is absolutely no evidence whatsoever regarding wife's employability, plans for retraining or income earning potential. The only evidence of her immediate goals is that she intends to spend time caring for her sick mother. In conducting our *de novo* review, we have the same evidence that the trial court had to consider in deciding this case. Within the limitations of that framework, it logically follows that we should not reverse a trial court's decision unless we can clearly say, on the evidence, that error has been committed. Applying that standard here, the *sole* issue presented (given husband's concession that the award should be permanent) is whether the trial court erred in fixing the level of husband's monthly support obligation. On finding the award to be too high, we should then obviously reduce it to the level supported by the evidence. Our role in this case should end there. As enjoyable as creativeness and inventiveness may be, we have no business going on a tinkering escapade by divining a step-down formula when the record does not provide any discernible dates or events in the future on which to build such a formula. Just as one needs sand in order to build sand castles, one needs evidence in order to fashion a dissolution decree.

By reason of its continuing jurisdiction over this case, the trial court is available to the parties to modify the decree on the basis of any unanticipated future change in the circumstances. The preferable approach in cases of this kind is to recognize that the trial court is in a position to monitor the changes as they actually occur, as opposed to this court, which is far removed from the scene and can only guess what the future may be.

Accordingly, I must respectfully dissent.