78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Huarleen BAIN, Plaintiff-Appellee,
v.
TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON,
Defendant-Appellant.
 No. 94-35700.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Decided March 1, 1996.
 
 Before: WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 MEMORANDUM
 
 1
 Tri-County Metropolitan Transportation District of Oregon (Tri-Met) challenges the jury's award of $120,000, reduced to $100,000 by the district court, in economic damages in an employment discrimination action brought by Huarleen Bain under Oregon state law, Or.Rev.Stat. §§ 659.121 & 659.420 (1993). The district court had jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. We have jurisdiction over this timely appeal of a final judgment pursuant to 28 U.S.C. § 1291. Only the amount of damages is disputed on appeal. We affirm in part, and reverse and remand in part.
 
 
 2
 Oregon statutory law provides that disabled workers have reinstatement and reemployment rights. Upon return to work, disabled workers may demand, and employers must offer to such workers, any available, suitable positions. Or.Rev.Stat. §§ 659.410, 659.415 (1993). Thus, if a dispute arises concerning rehiring, the employer must show that he reviewed his records and offered the employee any "suitable, available" job. Bain could not, due to his disability, return to his original bus driver position.
 
 
 3
 The jury found that there were five suitable jobs in which Tri-Met failed to place Bain. While the statute indicates that this failure is sufficient to make Tri-Met liable, the statute is silent on how to calculate economic damages. Oregon case law, however, does state that economic damages are to be measured by calculating "the wages that Plaintiff lost from the date that he would have begun work in a job that was available and suitable." See Carney v. Guard Publishing Co., 48 Or.App. 147, 153, 616 P.2d 548, 552, modif'd on other grounds, 48 Or.App. 927, 630 P.2d 687 (1980) (quotations omitted). Thus, the question is whether the record provides adequate support for a jury to conclude that Tri-Met had a suitable, available job which would have paid $100,000 in backpay from May 1990 to the time of trial.
 
 
 4
 The record clearly indicates that none of the five positions were available in March 1990 when Bain demanded reemployment. Moreover, none of these positions paid at a rate so that lost pay from them for the period they were available could equal $100,000. The jury award is at odds with itself, identifying positions which could not produce the economic damages given. Bain failed to meet his burden of proof.
 
 
 5
 Although Tri-Met produced at trial lists of hundreds of positions available during the last few years and although there was significant dispute and argument concerning whether certain positions qualified as "available and suitable" under the Oregon statute, the parties, for the most part, did not dispute the dates when positions became available. The positions the jury named: copy center/mail clerk, employment recruiter, public affairs clerk, procurement clerk, customer service specialist became available on April 30, 1992, June 5, 1992, September 21, 1992, January 29, 1993, and January 28, 1993, respectively; these positions had salaries of approximately $22,244, $27,700, $17,500, $17,500, and $14.71/hour, respectively. None of these positions give rise to backpay of $100,000, even after factoring in benefits.
 
 
 6
 Bain had the burden of proof to show that Tri-Met failed to reemploy him with available and suitable work. Moreover, Bain had to show objectively verifiable monetary losses in order to receive lost wages and benefits. Bain argues that he demonstrated objectively verifiable monetary losses through his impeachment of Tri-Met's employment data. He contends he rendered Tri-Met's data so unreliable that the jury rejected Tri-Met's evidence altogether. He asserts that the jury completely disbelieved Tri-Met and calculated damages from the time Bain demanded reemployment and rejected all evidence concerning available, suitable positions.
 
 
 7
 Tri-Met submitted Exhibit 103, which listed all jobs available from 1990, as well as Exhibits 104 to 161, which apparently included job descriptions of these available positions. Carolyn Nelson, Tri-Met's Personnel Director, admitted to several errors and omissions in these exhibits. There were several positions which Tri-Met failed to include or for which it submitted incomplete information; Tri-Met did not indicate that some jobs listed in Exhibit 103 were temporary. Under the statute, temporary positions are not "suitable" and need not be offered to disabled employees seeking reemployment. This resulted in some confusing moments when it was not clear what positions were or were not temporary. But, at best, this would only show some positions should not be considered. It did not prejudice Bain. There is no evidence to show that Tri-Met covered up positions. Based on our review of the record, a reasonable jury could not have rejected the entire testimony.
 
 
 8
 There was also some dispute about the accuracy of Nelson's listing of promotional and nonpromotional positions--only the latter being "suitable" for disabled employees demanding reemployment. Apparently, Nelson did not provide job descriptions which she knew were promotional, and it was not always clear what was promotional and what was not. Considering the large number of positions and the significant length of time covered, these errors may indicate the records could have been prepared better; however, they cannot reasonably discredit Tri-Met's entire case. They do not support the conclusion that Tri-Met had some position which never came to light during discovery or trial but which would have produced $100,000 in economic damages--a speculation which the jury must have relied upon in order to arrive at its award. While Tri-Met could have been better prepared at trial, the testimony does not indicate that Tri-Met provided such untrustworthy evidence that a jury could reasonably conclude, without speculation, that there was $100,000 in economic damages.
 
 
 9
 Finally, Bain seems to argue that Tri-Met has the burden to show that there were no available, suitable positions, and if this burden is not met, a default presumption appears and Bain may receive backpay from the time he requests reemployment. We cannot accept this reasoning. Under statute, a disabled worker only has a right to be reemployed in available, suitable work. He has not suffered a wrong if his employer does not give him a job it cannot offer. Thus, the proposed default presumption Bain suggests is untenable because it gives a remedy which exceeds the fault.
 
 
 10
 We affirm the liability finding, but reverse and remand to the district court on the issue of damages.
 
 
 11
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 12
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 D.W. NELSON, Circuit Judge, dissenting:
 
 13
 I respectfully dissent.
 
 
 14
 I believe that reversal with respect to damages is not justified. The memorandum disposition admits that the list of available positions prepared by Tri-Met contained "several errors and omissions" and that "[t]here were several positions which Tri-Met failed to include or for which it submitted incomplete information." Yet it concludes that "[t]here is no evidence to show that Tri-Met covered up positions" and holds that no reasonable jury could have believed that there was a suitable position available prior to the date when the suitable positions listed by Tri-Met became available.
 
 
 15
 Given that Tri-Met conceded that its list of available positions contained errors and omission, I fail to see why no reasonable jury could conclude that there may have been a suitable job available from the time Bain sought reemployment. By holding that Bain has failed to meet his burden with respect to damages, we are placing an impossible burden upon him. After all, the employee is in no position to know what jobs are available. The most a plaintiff in Bain's position can do is show that the evidence presented by the employer with respect to available suitable positions is unreliable. If a plaintiff succeeds in doing so, as Bain has, it is reasonable for the jury to presume that suitable employment was available from the time the employee sought reemployment.