# IN THE OREGON TAX COURT

## JOHNSON

*v.*

## DEPARTMENT OF REVENUE

(TC 2297 and 2298)

Arthur J. Johnson, plaintiff, appeared in propria persona.

Ted E. Barbera, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered October 21, 1985.

**CARL N. BYERS, Judge.**

Plaintiff appeals from the Department of Revenue Opinion and Order No. 4-0117-A pertaining to plaintiff's income taxes for the years 1981 and 1982. Plaintiff has appealed each year separately but the cases have been consolidated for trial.

■ During the years in question, although plaintiff was employed by a large national corporation, he failed to file Oregon income tax returns. Based on information obtained from the Bureau of Labor, the Department of Revenue assessed income taxes, interest and penalties in accordance with ORS 305.265(9).

■ The initial assessment of taxes, penalties and interest

for 1981 was issued October 17, 1983. However, that assessment was mailed to the wrong address and was returned to the department unclaimed. The department subsequently remailed the assessment on December 22, 1983, which was received by plaintiff on December 27, 1983. Plaintiff did not file his appeal from the 1981 assessment until March 23, 1984. ORS 308.280(2) requires an appeal for income taxes to be filed "within 90 days from the date of the notice." Plaintiff's appeal was not filed within 90 days from October 17, 1983, the date of the notice of assessment. Even if the date were extended because the notice was sent to the wrong address, plaintiff's appeal was still late since it was filed more than 90 days after the second mailing of the notice by the department. Under any construction of the statute, plaintiff failed to protect his rights of appeal.

Plaintiff did timely file an appeal from the assessment for 1982 income taxes. The department conducted a hearing at which plaintiff furnished the department auditor information pertaining to certain deductible expenses and exemptions. Based on that information, the department recalculated the taxes due as if the taxpayer and his spouse had filed a joint return. However, the department notified plaintiff that it required a signed statement from his wife agreeing to the joint computation. Apparently believing that the department's notice failed to comply with the administrative rule governing ex parte communications, OAR 150-305.115-(F), plaintiff treated the notice as a nullity. After expiration of five months, the department concluded plaintiff either was not going to or could not furnish the signed statement from his spouse, recalculated the taxes on the basis of a single taxpayer's liability, and issued the opinion and order. Plaintiff contends that he is entitled to the joint computation.

At the trial, plaintiff furnished to the court as Exhibit 1 an affidavit executed October 13, 1985, by Marlys Johnson indicating that she was willing to agree to the joint computation for 1981 and 1982. Plaintiff contends that this should now be accepted and his failure to cooperate with the department earlier be excused. Plaintiff argues that the court should assume his spouse would agree to the joint computation earlier because he and his spouse had filed joint Oregon income tax returns in the past. However, the department auditor testified,

without contradiction, that plaintiff filed his 1980 Oregon income tax return as a married person but filing separately.

Plaintiff seeks justice and fair treatment. However, it is his own noncompliance which started the wheels of justice moving. They have now turned and, having milled the grist of his case, found it nothing but chaff. Motivated by a petty view of the law and mistaken ideas of the constitution, plaintiff has denied himself the benefit of joint filing.

Defendant submitted evidence showing that when the department recalculated the tax it erroneously allowed the taxpayer a $7,000 federal tax deduction when the law allows only a $3,500 federal tax deduction for single filing taxpayers. The correct amount of tax due in excess of plaintiff's withholding would be $991.38. (Exhibit B.)

Based on the above findings, the Department of Revenue Opinion and Order No. 4-0117-A is affirmed as to the tax year 1981, and is modified as to the tax year 1982 to show a correct tax owing of $991.38, together with interest and penalties. Defendant shall recalculate the respective amounts and submit them to the court in the form of a judgment. Defendant shall recover costs.