Submitted on respondent's petition for attorney fees filed July 1, affirmed without opinion June 17 (86 Or App 221, 737 P2d 1256), attorney fees awarded October 21, 1987

# BROWN,
*Appellant,*

*v.*

# INFOTEC DEVELOPMENT, INC.,
*Defendant,*

*and*

# DEPARTMENT OF REVENUE,
*Respondent.*

(A8509 05509; CA A41477)

744 P2d 268

Ted E. Barbera, Assistant Attorney General, Salem, for petition.

No appearance *contra.*

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

This is an action challenging the Department of Revenue's issuance of a distraint warrant for delinquent income taxes, ORS 314.430, and its continuous garnishment of plaintiff's wages. ORS 29.375. Plaintiff appealed from the trial court's judgment in favor of the department on summary judgment. We affirmed without opinion. 86 Or App 221, 737 P2d 1256 (1987). The department has filed a petition for attorney fees under ORS 20.105(1), asserting that the appeal was filed by plaintiff in bad faith, wantonly or solely for oppressive reasons.

ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

Plaintiff's argument was and continues to be that the garnishment of his wages was unlawful, because he is a "natural person" not subject to federal or state income tax. He asserts that taxes can be imposed only on corporations, public servants and others who have "voluntarily" contracted to be subject to them. The record shows that plaintiff has been advised of the numerous and persuasive authorities to the contrary. *See, e.g., United States v. Studley,* 783 F2d 934 (9th Cir 1986); *Borroughs v. Wallingford,* 780 F2d 502 (5th Cir 1986); *Newman v. Schiff,* 778 F2d 460 (8th Cir 1985); *United States v. Romero,* 640 F2d 1014 (9th Cir 1981). He does not attempt to distinguish them. He has brought this appeal knowing that it has no basis in law or in fact. We find that he has acted in bad faith and that defendant is entitled to its attorney fees.

Attorney fees of $1,720 awarded.