## IN THE OREGON TAX COURT

STATE ex rel Katherine Ann MENDONCA
*v.*
DEPARTMENT OF REVENUE
(TC 2838)

Plaintiff appeared *pro se.*

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered June 21, 1989.

### CARL N. BYERS, Judge.

This is a mandamus proceeding in which plaintiff seeks cancellation of six distraint warrants issued to collect income taxes. Defendant filed its answer to plaintiff's amended alternative writ of mandamus and a hearing was held on June 13, 1989. The evidence adduced at that hearing establishes the following facts:

Plaintiff operates a beauty shop in Grants Pass known as Headlines Hair Design. Defendant has a program of comparing business licenses and personal property tax returns with income tax returns filed. By that means defendant discovered that plaintiff had not filed income tax returns for the years 1981 through 1986. Defendant demanded plaintiff file income tax returns. Plaintiff did not comply with that demand. Defendant then assessed income taxes against plaintiff on the best information available to it. Plaintiff was not

cooperative with defendant. She returned correspondence from defendant unclaimed and unopened. Plaintiff refused such mail on the ground that it constituted "solicitation" in violation of federal mail laws. After defendant assessed the income taxes, it tried to communicate to plaintiff the seriousness of the situation. For example, plaintiff refused to accept letters bearing the defendant's return address. Defendant sent plaintiff a letter advising her of her appeal rights in a plain envelope with no return address. That letter was not returned. Nevertheless, plaintiff did not appeal the income tax assessments.

After the assessments became final, defendant began the collection process. It made demand on plaintiff for payment of the taxes. Again, plaintiff refused to receive any mail from defendant on the grounds of "solicitation." When no payments were forthcoming, defendant issued its distraint warrants. The first warrants, issued April 13, 1989, contained the wrong social security number. When defendant was apprised of this mistake, the warrants were reissued on April 28, 1989, showing the number 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.

Plaintiff seeks, through this mandamus proceeding, to have the warrants cancelled on several grounds. Plaintiff's arguments are a combination of cited authorities, non sequitur reasoning and convoluted propositions. Those arguments are the basis for her claim that she is not subject to taxation. Plaintiff's arguments, or variations thereof, were long ago rejected by the courts. They are so lacking in substance or merit as to be found frivolous. The court will briefly consider plaintiff's three main points only to give the reader some idea of their nature.

Even though plaintiff lives and works in Grants Pass, she maintains that she is not a resident of Oregon and, therefore, is not taxable. In reaching that conclusion, she relies on the proposition that Oregon is a territory, not a state, because it no longer employs the gold or silver standard for legal tender. This is patent nonsense.

Plaintiff attaches inordinate importance to the use of social security numbers by defendant. As is common with private businesses, as well as other government agencies, defendant uses social security numbers to identify taxpayers. OAR 150-305.100. In this instance, defendant did not have

plaintiff's social security number so it assigned its own number, 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, to the plaintiff. Plaintiff claims some element of fraud in the use of that number. Defendant previously explained to plaintiff that the number used is *not* intended to be her social security number, but only a number used by the defendant to identify plaintiff's case. The authorities cited by plaintiff relate to the administration of the social security system and have no application in this case.

■　　Plaintiff's primary argument is that federal reserve notes are not legal. Part of her argument is "[w]hen Congress repealed the 'Dollar,' they repealed the national, English, or Federal General Common Law." Linking this proposition with further conclusions which do not follow, plaintiff reaches the conclusion:

> "Since the repeal of the dollar in 1933 and the decision of Erie v. Thompkins in 1938, the federal and state government has been collecting commercial debt under the federal law merchant and not taxes under the internal revenue code."

The courts have repeatedly rejected this conclusion as "manifestly frivolous." *Zuger v. U.S.,* 834 F2d 1009 (F Cir 1987), 88-1 CCH USTC ¶ 9121. *See* also *Leitch v. Dept. of Rev.,* 9 OTR 256 (1982), and cases cited therein.

If there is an area of law appropriate for a court to refer to Lewis Carrols' "Alice In Wonderland," it is in discussing the arguments of tax protestors. Plaintiff's arguments assume an unreal world of benefits without obligations. Plaintiff lives and works in a society permeated in every aspect by government. The benefits plaintiff receives from income taxes collected by the government are too numerous to recount. On the day of the hearing, she traveled on government built and maintained highways to seek redress in a court funded from income taxes. Yet when her tax obligations appear, then money is not real, the person becomes a "natural" person free of taxation and the whole tax system becomes unconstitutional.

As this court has previously observed, people who are "[m]otivated by a petty view of the law and mistaken ideas of the constitution" merely make matters worse for themselves. *Johnson v. Dept. of Rev.,* 10 OTR 143, 145 (1985). This is the case here. Plaintiff will pay a tax computed without the benefit of deductions or exemptions to which she might otherwise

be entitled. She will also pay penalties and interest not otherwise assessable. In this case, the penalties and interest owing total $18,178.81. Nor does it end there.

Our legislature has determined that those who abuse the court system with frivolous appeals should be sanctioned. ORS 20.105(1) provides for awarding of attorney fees in cases of frivolous appeals. This was done recently by the Court of Appeals in a similar case. *Brown v. Infotec Development, Inc.,* 88 Or App 37, 744 P2d 268 (1987).

For cases in this court, in 1987 the legislature enacted ORS 305.437 which provides:

> "Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. Damages so awarded shall be paid within 10 days after the judgment becomes final. If the damages remain unpaid, the department may collect the amount awarded in the same manner as income taxes are collected under ORS 314.430."

The court finds that plaintiff's position in this case is frivolous and groundless. In accordance with the mandate of the statute, the court shall award damages of $1,000 to the Department of Revenue in its judgment. Defendant shall also recover its costs and disbursements incurred herein.