Submitted on remand from the Oregon Supreme Court May 31, order awarding attorney fees and costs reinstated October 11, reconsideration denied November 24, petition for review denied December 28; 1989 (308 Or 660)

## TYLER,
*Appellant,*

*v.*

## HARTFORD INSURANCE GROUP et al,
*Respondents.*

(87-04-21572-L; CA A45275)

780 P2d 755

Mildred J. Carmack and Schwabe, Williamson & Wyatt, Portland, for the petition for attorney fees on behalf of Kenneth E. Roberts, Kenneth E. Roberts, P.C., and Schwabe, Williamson, Wyatt, Moore & Roberts.

Lee Aronson and Holmes, DeFrancq & Schulte, P.C., Portland, for the petition for attorney fees on behalf of Edwin G. Ruland, Donald P. Smith, Jr., James C. Carter, and Holmes, DeFrancq & Schulte, P.C.

Donald E. Tyler, M.D., appeared *contra.*

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

The Supreme Court vacated our order[1] that granted attorney fees pursuant to ORS 20.105(1) to certain of the defendants who had appeared in this court and remanded the matter to us to make findings on the record and a new order. *Tyler v. Hartford Insurance Group,* 307 Or 603, 771 P2d 274 (1989). We reinstate our original order on the basis of the findings in this opinion.

On April 29, 1987, plaintiff filed a 92-page complaint. On August 3, 1987, the complaint was dismissed for failure to state a claim.[2] Defendants were awarded attorney fees by the trial court pursuant to ORS 20.105(1) and ORCP 17.[3] On

---

[1] Actually, the court said: "The decision of the Court of Appeals is vacated." Unfortunately, that bit of inadvertance also vacated our award of costs, but that award is not otherwise in issue.

[2] The trial court found:

"It is obviously another attempt in a series of lawsuits to obtain redress for real or imagined damages arising out of a series of incidents in Colorado, not Oregon. Plaintiff's complaint, including exhibits by its own allegations reveals that it is an attempt to relitigate a matter commenced in the Circuit Court of the State of Oregon for Malheur County on July 7, 1986 as case numbers 86-06-20969 L * * * The case was removed to Federal Court. * * * Judge Redden issued his opinion on March 31, 1987. * * * Plaintiff herein was ordered to pay Defendant Hartford's attorney fees and costs in the sum of $4,976.41. * * *

"There was no appeal.

"This lawsuit is no different from the last, except that Plaintiff now attempts to involve the attorneys for the Defendants previously sued by claiming they are part of the alleged conspiracy he claimed in his original lawsuit.

"In the Court's opinion, adding different Defendants and claiming a conspiracy in removing the case from State to Federal Court does not change the basic underlying claim which has already been determined and is therefore res judicata and Plaintiff is collaterally estopped from raising the same issues in this litigation.

"Under different circumstances, the Court could go along with Plaintiff's argument that claiming res judicata would be an affirmative defense, but here the Plaintiff has himself pled the fact that the case was previously decided in Federal Court.

"It is obvious that Plaintiff has no cause of action against the defendants, or any of them, in spite of 92 pages of incomprehensible claims and faulty conclusions."

[3] On January 30, 1988, the trial court entered a judgment awarding defendants Ruland and Smith attorney fees of $5,360.07. The judgment reads, in part:

"This award is made pursuant to ORS 20.105 and ORCP 17, the Court having found that Plaintiff has asserted his claims in bad faith and for oppressive reasons and is not made in good faith, but has been interposed for an improper purpose."

On February 2, 1988, the trial court entered a judgment awarding defendants Roberts, Kenneth E. Roberts, P.C., and Schwabe, Williamson, Wyatt, Moore &

October 5, 1988, we affirmed without opinion. *Tyler v. Hartford Insurance Group,* 93 Or App 429, 762 P2d 1069 (1988), *rev den* 307 Or 362 (1989). Defendants then petitioned for attorney fees on appeal, arguing that, by bringing the action, "plaintiff acted wantonly, in bad faith, and solely for oppressive reason. It is, therefore, established as a matter of law that plaintiff's appeal also justifies an award of attorney fees * * *."[4]

ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

We need not decide whether, as a matter of law,

---

Roberts, attorney fees of $4,626.75, also pursuant to ORS 20.105 and ORCP 17C. The judgment reads, in part:

"The Court finds that plaintiff Donald E. Tyler, M.D. acted in bad faith, wantonly and solely for oppressive reasons, in filing and maintaining this matter and in persisting and filing sham and frivolous pleadings and objections of great bulk and absolutely no merit.

"The Court further finds that plaintiff has deliberately and continuously abused court process and has filed pleadings, objections and other papers with the Court solely for harassment and delay, needlessly increasing the costs of this litigation to all defendants."

On April 8, 1988, the trial court entered a judgment awarding defendants Craig, Roehr and Vergeer, Roehr & Sweek attorney fees of $4,600.45. The trial court found that plaintiff's complaint was filed in bad' faith and for the improper purpose of harassing defendants. The judgment also recites:

"The Court further finds that the Plaintiff's complaint in the above captioned action was not well grounded in fact or in law, that, therefore, appropriate sanctions should be imposed against the Plaintiff and that an award of the Defendants' attorney fees is an appropriate sanction * * *. This award is made pursuant to ORS 20.105 and ORCP 17, the Court having found that Plaintiff has asserted his claims in bad faith and for oppressive reasons and is not made in good faith, but has been interposed for an improper purpose."

[4] Defendants petitioned for attorney fees on appeal in two groups. Ruland, Smith, Holmes, DeFrancq & Schulte, P.C., and Carter petitioned for $4,610.00. Roberts, Kenneth E. Roberts, P.C., and Schwabe, Williamson, Wyatt, Moore & Roberts petitioned for $6,946.75. Both petitions make the same arguments in support of an award.

plaintiff's appeal was filed "in bad faith, wantonly or solely for oppressive reasons," because we find that the appeal was filed in bad faith *as a matter of fact.* Plaintiff's case, claims and arguments are and always have been wholly incomprehensible.[5] The record shows that he has been properly and correctly advised on many occasions that he has no claim. He brought this appeal despite having every reason to know and to understand that it has no basis in law or in fact. *See Brown v. Infotec Development, Inc.,* 88 Or App 37, 39, 744 P2d 268 (1987). We find that he acted in bad faith, and we hold that defendants are entitled to the attorney fees that we previously awarded. *See Portland Development Comm. v. CH2M Hill Northwest,* 92 Or App 43, 758 P2d 353, *rev den* 307 Or 77 (1988).

Order awarding attorney fees and costs reinstated.

---

[5] Plaintiff filed numerous, and often voluminous, papers in the trial court and on appeal. The quantity of paper filed, coupled with the confusing and almost invariably nonsensical legal arguments in them, forced defendants to expend far more time than the merits deserved.