On respondent Maresh's petition for attorney fees and motion for application of cash deposit; on appellant's motion to strike respondent Maresh's petition and motion or to extend time for response and response to respondent Maresh's petition and motion; and on respondent Broadway Cab Cooperative's petition for attorney fees; $5,491.15 in attorney fees awarded to Maresh; $4,211.50 in attorney fees awarded to Broadway Cab Cooperative; Maresh's motion for application of deposit denied; appellant's motion to strike denied and motion for extension of time allowed January 31, 1990

## COOPER,
*Appellant,*

*v.*

## MARESH,
*Respondent,*

*and*

## BROADWAY CAB COOPERATIVE,
*Respondent.*

(A8610-06137; CA A49253)

786 P2d 220

Roger Gerber, Portland, for appellant.

Ronald Allen Johnston and Johnston & Augustson, P.C., Portland, for respondent Paul Maresh.

Nolan M. Shishido and Kell, Alterman & Runstein, Portland, for respondent Broadway Cab Cooperative.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

After our decision in this case, *Cooper v. Maresh,* 98 Or App 371, 779 P2d 200, *rev den* 308 Or 592 (1989), respondents Maresh and Broadway Cab Cooperative (Broadway) separately petitioned for attorney fees. We allow attorney fees to both respondents.[1]

Maresh requests fees pursuant to the contract between him and plaintiff, which expressly permits recovery of attorney fees on appeal. He also asks for fees pursuant to ORS 20.105.[2] Under either the contract or the statute, Maresh is entitled only to reasonable attorney fees, ORCP 68A(1); consequently, the amount awarded under either authority would be the same. We award $5,491.15 to Maresh, pursuant to the contract.

■ Maresh also asks that the judgment for attorney fees be joint and several against plaintiff and his attorney Roger Gerber. Attorney fees are awarded only against a party to the proceedings. Counsel for a litigant is not a party, and there is no authority to enter a judgment against a party's attorney for attorney fees awarded pursuant to this contract or ORS 20.105.

■ Broadway petitions for attorney fees pursuant to ORS 20.105:

"(1) In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

We find, as fact, that plaintiff's appeal involving Broadway

---

[1] We also allow appellant's motion to extend his time for filing a response to respondent Maresh's petition and motion, which was filed with his motion.

[2] Plaintiff moved to strike Maresh's petition on the ground that it was served by mail on his counsel at counsel's office rather than on plaintiff personally. Service was proper, and the motion is denied.

was filed in "bad faith, wantonly or solely for oppressive reasons." *See Tyler v. Hartford Insurance Group,* 307 Or 603, 771 P2d 274 (1989); *Tyler v. Hartford Insurance Group,* 98 Or App 601, 780 P2d 755, *rev den* 308 Or 660 (1989).

Broadway was not a party to the proceedings in the trial court. Plaintiff's complaint was based essentially on an agreement between him and Maresh for the purchase and sale of an interest in a taxi cab. During discovery, plaintiff served nine subpoenas for depositions on board of directors members, managers and various persons associated with Broadway. It appeared that he was seeking information relating to his expulsion from the association, which was clearly not relevant to the action between him and Maresh. Broadway moved for a protective order. Plaintiff did not file a response to the motion, and the trial court granted it. Plaintiff named Broadway as a respondent on appeal and made five assignments of error regarding it. The assignments had little or no relevance to the underlying lawsuit.

In our opinion on the merits, we said:

"There is no doubt that the appeal was taken without probable cause. This is a frivolous appeal from the judgment in a frivolous lawsuit." 98 Or App at 374.

Joining Broadway in this appeal and forcing it to respond to five incomprehensible claims of error is indefensible and could not have been done in good faith or for other than oppressive reasons. Plaintiff has not responded to Broadway's petition.

$5,491.15 in attorney fees awarded to Maresh; $4,212.50 in attorney fees awarded to Broadway Cab Cooperative; Maresh's motion for application of deposit denied; appellant's motion to strike denied and motion for extension of time allowed.