Argued and submitted November 12, 1992, reversed and remanded for reconsideration of attorney fees; otherwise affirmed February 17, 1993

Ronald M. SHERMAN,
*Appellant,*

*v.*

Susan L. STAFFEL,
*Respondent.*

(92-90260; CA A75001)

846 P2d 1166

Edmund J. Spinney, Eugene, argued the cause and filed the brief for appellant.

Timothy J. Harold and Harms, Harold & Leahy, Springfield, waived appearance for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

**ROSSMAN, P. J.**

Father appeals from the dismissal of his breach of contract action against mother. ORS 19.010.

The parties' marriage was dissolved in 1979. They were granted joint custody of the two children. The dissolution judgment provides that father may claim one child as his dependent for income tax purposes and mother may claim the other. Mother was ordered to pay child support. In 1987, the judgment was modified to terminate child support.

In January 1992, father moved to modify the judgment to once again require mother to pay child support. In his affidavit supporting the motion, he alleged that mother's financial circumstances had significantly improved. He also alleged that he had met with mother on an unspecified date and that they had "reached an agreement to modify the provisions of the Decree of Dissolution of the marriage" regarding the income tax exemption.

While the January motion was pending in circuit court, father filed a separate small claims action, asking for a judgment against mother in the amount of $924.83 "for change in Federal and state income tax returns 1987 and 1988." Mother denied the claim and demanded a jury trial. Father then filed a complaint in district court alleging breach of contract.

Mother moved to dismiss under ORCP 21, contending that the district court lacked subject matter jurisdiction and that there was another case pending between the same parties about the same subject. She sought attorney fees. The district court granted her motion, dismissed the complaint, and awarded her attorney fees.

Father argues that the motion to dismiss should not have been granted, because the jurisdiction of the circuit court over dissolution matters is not exclusive and the district court therefore had subject matter jurisdiction. Paradoxically, he also argues that the motion to modify that he filed in circuit court in January does not compel dismissal of this claim, because this is a separate matter and not a dissolution case. Father is incorrect under both of his arguments.

■　Father asks us to characterize his district court claim as one for breach of contract even though the subject matter of the alleged contract involves the rights of the parties under a dissolution judgment. Father's claim is essentially a motion to modify his rights under the dissolution judgment. It is a matter for the dissolution court.

■　Father also argues that the jurisdiction of the circuit court over dissolution matters is not exclusive. ORS 3.255 reads:

"It is declared to be the policy and intent of the Legislative Assembly:

"(1) Notwithstanding concurrent jurisdiction, that family and family-related matters before the courts be concentrated in a single judicial jurisdiction, the circuit court."

The legislature has clearly expressed its intent that family matters should be addressed by one jurisdiction. The circuit courts are designated for that purpose. The district court did not have jurisdiction and correctly dismissed the claim.

Finally, father challenges the award of attorney fees. Two of the statutes cited by mother below do not support the award. ORS 107.105(1)(i)[1] does not apply, because this is not an original marital annulment, dissolution, or separation. ORS 107.135(7)[2] only authorizes the award of attorney fees in a proceeding to modify or vacate portions of a dissolution

---

[1] ORS 107.105(1)(i) provides, in part:

"Whenever the court grants a decree of marital annulment, dissolution or separation, it has power further to decree as follows:

"* * * * *

"For a judgment against one party in favor of the other for any sums of money found to be then remaining unpaid upon any enforceable order or orders theretofore duly made and entered in the proceedings pursuant to any of the provisions of ORS 107.095, and for a judgment against one party in favor of the other or in favor of the other's attorney for any further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party."

[2] ORS 107.135(7) provides:

"In a proceeding under subsection (1) of this section, the court may assess against either party a reasonable attorney fee and costs for the benefit of the other party. If a party is found to have acted in bad faith, the court shall order that party to pay a reasonable attorney fee and the costs of the defending party."

Subsection (1) of ORS 107.135 describes the court's power to modify or vacate portions of a dissolution judgment on the motion of a party.

judgment. The district court did not have the authority to make a modification, and therefore could not award attorney fees under that statute.

■      Mother also cited ORS 20.105(1)[3] which authorizes a court to award attorney fees if the proceeding is brought in bad faith or solely for oppressive reasons. In *Tyler v. Hartford Insurance Group*, 307 Or 603, 771 P2d 274 (1989), the Supreme Court held that any court awarding fees under ORS 20.105(1) must make findings on the record, which must include specific mention of the actions deemed to be in bad faith or oppressive. *Mattiza v. Foster*, 311 Or 1, 803 P2d 723 (1990). The trial court did not specifically set out any findings when it awarded attorney fees. We therefore reverse the award of attorney fees and remand for reconsideration on that issue in order to give the trial court the opportunity to determine whether the fees are appropriate.

Reversed and remanded for reconsideration of attorney fees; otherwise affirmed.

---

[3] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."