Submitted on record and brief October 4, reversed November 3, 1993

Ronald M. SHERMAN,
*Appellant,*

*v.*

Susan L. STAFFEL,
*Respondent.*

(92-90260; CA A79789)

862 P2d 543

Edmund J. Spinney and Spinney & Schrank filed the brief for appellant.

Timothy J. Harold waived appearance for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

This is the second appeal in this case. In the first appeal, we affirmed the trial court's dismissal of plaintiff's breach of contract claim, and remanded for the court to consider whether to award attorney fees to defendant under ORS 20.105(1), and to make the appropriate findings if it determined that attorney fees should be awarded. *Sherman v. Staffel*, 118 Or App 173, 846 P2d 1166 (1993). The background of the claim and the reasons for dismissal are set out in our earlier opinion.

On remand, the trial court awarded attorney fees, finding that "[p]laintiff brought this action for an improper purpose and acted in bad faith, wantonly or solely for oppressive reasons" as indicated by three actions: (1) filing a district court complaint "when he was aware that his attorney would not obtain the requested relief in the appropriate forum" of the pending circuit court action; (2) filing a *pro se* complaint on his attorney's pleading paper without completely covering the attorney's name and address, which gave the erroneous appearance that he was represented by counsel; and (3) "[c]ontinuously asserting his meritless claim merely to harass Defendant or cause needless increases in the costs of litigation." On appeal, plaintiff assigns error to the award, arguing that the court did not make the necessary findings, and that the findings that it did make are not supported by the evidence.

■ An award of attorney fees under ORS 20.105(1)[1] must be supported by findings that

"(1) the party to whom attorney fees are to be awarded is a prevailing party; (2) the claim, defense, or ground for appeal or review is without merit; and (3) the party taking the meritless position has done so with an improper purpose." *Mattiza v. Foster*, 311 Or 1, 10, 803 P2d 723 (1990).

---

[1] ORS 20.105(1) provides:

"In any civil action, * * * the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

The trial court did not make any findings about the first two requirements. Even assuming that those two requirements are met, the findings regarding improper purpose are either not supported by the evidence or do not support the award.

■        In *Mattiza*, the court said that "[d]etermining the existence of an improper purpose requires an inquiry into the subjective intent of the losing party." 311 Or at 10. It may be shown by the pursuit of a claim in bad faith, or for the purpose of delay or harassment. Bad faith is "the assertion of a claim * * * the primary aim of which is something other than the procurement of the fair adjudication of an authentic claim." 311 Or at 10. The trial court was not explicit about what improper purpose it found, but concluded that plaintiff "brought this action for an improper purpose and acted in bad faith, wantonly or solely for oppressive reasons."

■        The court first found that plaintiff filed his complaint in district court when he knew that his attorney would not obtain the requested relief in the "appropriate" forum of the pending circuit court action. The only evidence regarding the request for fees was the affidavit of plaintiff's counsel. He states that he advised plaintiff that the claim he was making was for breach of contract, which could best be pursued by filing in small claims court. Plaintiff followed that advice, and filed this district court action only when defendant requested transfer of the case from the small claims department. Plaintiff's counsel says that at no time did he advise plaintiff that he did not have a cause of action or that he should not file his complaint; in fact, he advised plaintiff that he did have a cause of action against defendant. There is no evidence that plaintiff knew that the circuit court was the "appropriate" forum for his claim.

■        The trial court also found bad faith because plaintiff filed his complaint on pleading paper that faintly revealed his attorney's name and address, which the court said "gave the appearance that [plaintiff] was represented by an attorney * * * but without the attorney's certification provided under ORCP 17." It is not apparent what this finding accomplishes. There is no evidence or finding that the use of the attorney's pleading paper, including the failure to completely cover the attorney's name and address, misled defendant or affected her defense of the case in any way. Plaintiff's signature on the

pleading constitutes the same certification of the validity of the pleading that an attorney's signature would. ORCP 17A. That does not support a conclusion that the claim was asserted for a purpose "other than the procurement of the fair adjudication of an authentic claim." *Mattiza v. Foster, supra,* 311 Or at 10.

■        Finally, the court found that plaintiff continuously asserted "his meritless claim merely to harass Defendant or cause needless increases in the costs of litigation." There is no evidence in the record to support that finding. There is no evidence that plaintiff knew that his claim was filed in an improper court, or that his purpose was to harass defendant. His initial filing in small claims court, which does not allow parties to be represented by counsel except with the consent of the court, ORS 46.415(4), would indicate an attempt to keep costs at a minimum. The filing in district court was a result of defendant's own request for removal from the small claims department. Had plaintiff filed in small claims court, *knowing* that it was not the appropriate forum, that fact might indicate an improper purpose of causing needless increases in the costs of litigation. There is no evidence here that plaintiff knew that small claims court was not the appropriate forum.

The trial court erred in awarding attorney fees under ORS 20.105(1).

Reversed.