Submitted on record and briefs June 26, affirmed August 3, 1981

## DOBIE,
*Appellant - Cross-Respondent,*

*v.*

## LIBERTY HOMES, INC.,
*Respondent - Cross-Appellant.*

## (No. 37005, CA 19198)

632 P2d 449

David W. Hittle, and Olson, Hittle, Gardner & Evans, Salem, filed the briefs for appellant - cross-respondent.

George J. Cooper, III, and Morrison, Dunn, Cohen, Miller & Carney, Portland, filed the briefs for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals a summary judgment in favor of defendant which was granted on the basis that plaintiff's complaint was not filed within the applicable limitation period. Defendant cross-appeals, contending its petition for attorney fees should have been allowed.

Plaintiff's complaint alleged that defendant, his former employer, committed an unfair labor practice as defined in ORS 659.415, because it failed to reinstate him after he sustained a compensable injury under the Workers' Compensation Act. ORS 659.415 provides:

"(1)   A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment or employment which is available and suitable upon demand for such reinstatement, provided that the worker is not disabled from performing the duties of such position. * * *

"(2)   Any violation of this section is an unlawful employment practice."

The facts disclosed in plaintiff's deposition submitted with the motion for summary judgment are undisputed. Plaintiff sustained an injury during the course of his employment on April 13, 1978, and was off work for two days. On April 17, 1978, he returned to his place of employment and was told by the production manager that his employment was terminated. Plaintiff then talked to his immediate supervisor, the shift foreman, and was told that perhaps he could get his job back when the company opened a new plant in January, 1979. Plaintiff filed a claim for unemployment compensation and sought employment from several other companies. He periodically checked with defendant's personnel division to determine if any jobs were available. He was told none were available. After defendant's new plant was operational in January, 1979, plaintiff sought employment and was told all positions had been filled. In March, 1979, he discontinued his efforts for reemployment at defendant's plant.

Plaintiff filed a complaint with the Bureau of Labor, pursuant to ORS 659.040(1), on June 26, 1979, and subsequently filed the present action on September 25, 1979, pursuant to ORS 659.121(1). The Bureau of Labor

complaint was dismissed on plaintiff's motion on October 1, 1979.

The time limitation for filing a complaint with the Bureau of Labor is one year from the occurrence of the unlawful employment practice. ORS 659.040. A civil action must be filed within the same period if no complaint has been made to the Bureau of Labor. Where a complaint is first made to the Bureau of Labor, the civil action may be commenced within 90 days of the notice from the Bureau that the complaint has not been resolved. ORS 659.095.

Plaintiff concedes that if his complaint with the Bureau of Labor was not timely, his civil action is also barred. The issue is when the time limitation began to run. Plaintiff argues there was a continuing violation of the employer's statutory duty during the time he successively sought employment and was not rehired. He contends the violation continued at least until January, 1979, and, thus, his complaint was filed within the applicable time period. Defendant argues that plaintiff was permanently terminated from his employment on April 17, 1978, and his subsequent attempts at rehiring did not toll the limitation period. Plaintiff does not contend there is any issue of fact to be decided and argues only that as a matter of law the defendant's violation was continuous.

■      No Oregon case has defined when a cause of action accrues for limitation purposes under ORS 659.415. Several federal decisions discuss the accrual of causes of action under the analogous provisions of the Federal Civil Rights Act of 1964, 42 USC, § 2000e *et seq.* That Act requires a complaint to be filed within 180 days after "the alleged unlawful employment practice occurred." The operative language in the Oregon statute requires a complaint to be filed within one year of the "occurrence of the alleged unlawful employment practice." ORS 659.121(3).

The most recent decision construing the limitation period of the Federal Act is *Delaware State College v. Ricks,* 449 US 250, 101 S Ct 498, 66 L Ed 2d 431 (1980). Ricks, a black college professor, was notified by the college that he would not be granted tenure. Pursuant to a college policy, he was given a one year "terminal" contract offered to all faculty members not accorded tenure. Subsequent to the

time his employment actually terminated, Ricks filed a complaint alleging the college unlawfully discriminated on the basis of his race in denying him tenure. The Supreme Court determined that his cause of action accrued at the time he was notified he was being denied tenure and not at the time his employment terminated. Ricks argued that there was a continuing violation during the time he was employed by the college and the last violation was his termination at the end of the one year contract. The court rejected the continual violation argument. It noted Ricks had complained that unlawful discrimination motivated the college's decision not to grant him tenure; he had not alleged his final discharge was discriminatory. The court stated that a violation of the Act occurred, if at all, at the time the tenure decision was made, and the limitation period commenced at that time even though one of the effects of the decision was the eventual loss of his teaching position at a later time.

*Masco v. United Airlines,* 574 F2d 1127 (3d Cir 1978), is factually more closely analogous to the case at issue than *Ricks.* Masco, a female stewardess, took a maternity leave during the course of her employment. Pursuant to a mandatory maternity leave policy of the airlines, she could be reinstated following the leave only if a position was available. Under that policy there was no guarantee of reinstatement or retention of seniority. A separate policy of the airline guaranteed reinstatement and seniority after leaves of absence for sickness or injury. Masco was terminated when she returned from the maternity leave. She subsequently made several unsuccessful requests that the airline rehire her and ultimately filed a complaint under the Federal Civil Rights Act of 1964. The court held the complaint was untimely because it was filed more than 180 days following her termination and rejected her contention that each rejection of her application for reinstatement constituted a separate unlawful practice. The court said that the alleged violation was the discriminatory practice of terminating female stewardesses after a maternity leave. The successive effects of the decision to terminate Masco's employment did not give rise to separate violations. *See also, United Air Lines, Inc. v. Evans,* 431 US 553, 97 S Ct 1885, 52 L Ed 2d 571 (1977); *In Re Consolidated*

*Pretrial Proceedings, Etc.,* 582 F2d 1142 (7th Cir 1978), *cert granted* 442 US 916 (1979); *Collins v. United Air Lines, Inc.,* 514 F2d 594 (9th Cir 1975); *Olson v. Rembrandt Printing Co.,* 511 F2d 1228 (8th Cir 1975); *National Labor Rel. Bd. v. Textile Machine Works,* 214 F2d 929 (3d Cir 1954).

Although these federal cases construing a federal Act are not direct authority as to the meaning of the Oregon statute, they contain persuasive reasoning. Applying that reasoning to the case at issue, we conclude that the limitation period began when plaintiff was terminated from his employment on April 17, 1978. In essence, plaintiff complained that he was not reinstated to his employment after suffering an on the job injury. Any unlawful employment practice occurred at the time he was terminated. After his termination, he was in no different position than other applicants for employment when he periodically applied for a job in defendant's plant. He did not allege that defendant committed an unlawful employment practice in failing to hire him after he was terminated.

Plaintiff makes an additional argument in opposition to the summary judgment. He contends that if the court determines the limitation period commenced at the time he was terminated, by its subsequent conduct defendant is estopped to assert the statute of limitations as a defense. Plaintiff's position is that defendant's actions in continually promising reinstatement constitutes an estoppel to assert the defense. Plaintiff's argument also suggests there is a genuine issue of fact regarding estoppel, and therefore defendant is not entitled to a summary judgment.

Plaintiff contends defendant, in support of its motion for summary judgment, had to demonstrate that there is no issue of fact, even regarding issues on which plaintiff has the burden of proof. This proposition is correct as far as it goes. ORCP 47D states in part:

"* * * When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, must set

forth specific facts showing that there is a genuine issue as to any material fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party."

Estoppel was not pleaded by plaintiff and was raised for the first time during arguments on the motion for summary judgment.[1] He did not contend there were disputed issues of fact or present evidence material to the issue of estoppel that would demonstrate a factual issue. He cannot rest on his pleadings and argue that if the matter went to trial he could establish the defense of estoppel. *Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978). We must consider whether summary judgment is appropriate under the facts presented, which plaintiff agrees are not controverted.

■■ Estoppel is an appropriate defense to a claim that a cause of action is barred by a statute of limitations. *Lyden v. Goldberg,* 260 Or 301, 490 P2d 181 (1971). To constitute an equitable estoppel there must be (1) a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. *Lyden v. Goldberg, supra; Bennett v. City of Salem et al.,* 192 Or 531, 235 P2d 772 (1951). In essence, the doctrine of estoppel depends on defendant or its agent having done something that amounted to an affirmative inducement that would cause plaintiff to delay bringing his action. *Lyden v. Goldberg, supra.* Plaintiff must also establish that he relied on defendant's conduct in not commencing his law suit.

■ Plaintiff appears to argue that the statement of the foreman that plaintiff could perhaps get his job back when the new plant opened was an affirmative representation that he would be rehired. Even if that would suffice to establish detrimental reliance, plaintiff's reliance ceased prior to the time the limitation period had run. In his deposition, plaintiff stated he was aware in January, 1979,

---

[1] Although plaintiff did not plead waiver or estoppel as a defense to defendant's limitation claim, defendant agreed the trial court could consider the issues as if they were properly pleaded.

that all the openings in the new plant had been filled either by current employes from the old plant or by new employes. He also said he had determined in March, 1979, that he would not be hired at the new plant and discontinued his efforts in that regard. The statutory period did not expire until April 18, 1979.

We conclude the court did not err in granting defendant's motion for summary judgment.

## DEFENDANT'S CROSS-APPEAL

Defendant cross-appeals, contending the court erred in denying its request for attorney fees, made pursuant to ORS 659.121(1):

"* * * In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees."

Defendant concedes the award of attorney fees under this statute is discretionary but argues:

"Plaintiff continued to litigate this matter after it was clear that the claim was untimely under the appropriate statute of limitations, and as such the prevailing defendant is entitled to an award of reasonable attorneys fees."

In *Christiansburg Garment Co. v. EEOC*, 434 US 412, 98 S Ct 694, 54 L Ed 2d 648 (1978), the court discussed guidelines for awarding attorney fees to prevailing defendants in actions brought under the Civil Rights Act of 1964. The Act gives the trial court discretion to award attorney fees to the prevailing party. The court held the criteria for awarding fees to a prevailing defendant were different than those for an award of fees to a prevailing plaintiff. The court concluded that prevailing plaintiffs should be awarded attorney fees unless special circumstances would render such an award unjust. The court rejected the contention that a prevailing defendant is entitled to attorney fees only when plaintiff was motivated by bad faith in bringing the action. It held that a defendant is entitled to attorney fees also upon a finding that plaintiff's claim was frivolous, unreasonable, or without foundation, or that plaintiff continued to litigate after it became clearly so. The court said that, in making this determination, trial courts should resist the temptation to conclude that because plaintiff did not ultimately prevail his claim must have been unreasonable or without foundation. It noted that the Civil Rights

Act reflects an important public policy, and requiring plaintiffs to pay attorney fees simply because they did not prevail would undercut the Congressional intent to foster vigorous enforcement of the Act. If plaintiffs faced the risk of attorney fees simply because they lost, that would discourage all but the most airtight claims and many violations of the Act would go uncontested.

In *Christiansburg Garment Co.,* an employe filed a racial discrimination claim against the employer with the Equal Employment Opportunity Commission. She was notified her complaint was unresolved and she could proceed in a private action against the employer. She did not do so. Subsequently, Congress amended the Civil Rights Act to allow EEOC to bring actions in its own name to prosecute charges pending with the commission on the effective date of the amendment. EEOC brought an action, which was terminated on the employer's motion for summary judgment because the underlying charges were not pending on the effective date. Christiansburg Garment Co. petitioned for attorney fees, which were denied. The Supreme Court held the trial court did not abuse its discretion in finding that the claim was not unreasonable or unfounded, noting that the issue upon which the employer prevailed was one of first impression requiring judicial resolution.

■ ■    We conclude the reasoning of the Supreme Court regarding guidelines for awarding attorney fees is applicable in construing the attorney fee provision of our statute. We hold that a prevailing defendant in an action pursuant to ORS 659.415 is entitled to an award of attorney fees only if the claim is brought in bad faith, is unreasonable or groundless or if plaintiff persists in litigating the claim after it becomes evident the claim is unreasonable or unfounded. Applying these criteria to the case at issue, we conclude the court did not abuse its discretion in denying defendant's petition. Oregon appellate courts had not previously construed the limitation language of the statute, and plaintiff presented tenable arguments which required judicial resolution.

Affirmed.