On respondent's petition for attorney fees and costs filed August 26, petition denied
October 26, 1983

# PAYNE,
*Appellant,*

*v.*

# AMERICAN-STREVELL, INC., et al,
*Respondents.*

(A8002-01063; CA A23599)

670 P2d 1065

Jerry A. Stimmel and Sherrow & Stimmel, P.S., Seattle, Washington, for petition.

Gary Roberts, Portland, contra.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, J.

In this action for plaintiff's reinstatement to his former employment, pursuant to ORS 659.121, we affirmed the trial court's judgment for defendants without opinion, 64 Or App 339, 668 P2d 491 (1983), and awarded costs to defendant American-Strevell, Inc., as the prevailing party. It now has filed a cost bill and a petition for attorney fees.[1] Plaintiff has filed objections to both. We deny both.

■　ORS chapter 659 deals generally with enforcement of civil rights and is patterned after Title VII of the federal 1964 Civil Rights Act, 42 USC § 2000e-5(k):

> "In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

In *Christiansburg Garment Co. v. EEOC,* 434 US 412, 98 S Ct 694, 54 L Ed 2d 648 (1978), the court interpreted the statute to require different considerations to determine whether attorney fees should be awarded when the plaintiff, rather than the defendant, prevailed. Relying on *Newman v. Piggie Park Enterprises,* 390 US 400, 88 S Ct 964, 19 L Ed 2d 1263 (1968), the court held that, although a prevailing plaintiff in a civil rights action should be awarded attorney fees in all but special circumstances, a prevailing defendant is entitled to an award of fees only when the court found "that the plaintiff's action was frivolous, unreasonable or without foundation." 434 US at 421. The court reasoned that attorney fees should be more readily awarded to prevailing plaintiffs, because they are the instruments chosen to vindicate a policy of highest congressional priority and because awards to them are awards against law violators. When a defendant in a civil rights action prevails, he has not acted to *enforce* important legislative policy, nor is the losing plaintiff a law violator. In *Christiansburg,* the court went on to say that it was important that courts resist "concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or

---

[1] ORS 659.121(1) provides:

"In any suit brought under the subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal."

without foundation." 434 US at 421-22. It then affirmed the judgment of the Court of Appeals upholding the decision of the District Court which denied the defendant's petition for attorney fees.

The rationale employed by a unanimous court in *Christiansburg v. EEOC, supra,* is compelling. We do not find plaintiff's action to be frivolous, unreasonable or without foundation. Therefore, we deny the petition for attorney fees on appeal submitted by defendant American-Strevell, Inc.[2]

Plaintiff objects to defendant's cost bill on appeal on the ground that the cost bill is not verified. ORS 20.320 provides:

"No disbursements shall be allowed in the Supreme Court or Court of Appeals to any party unless he serves on the adverse party or his attorney, and files with the clerk of the court, a *verified statement* showing with reasonable certainty the items of all costs and disbursements in the cause. * * * Appearance fees, trial fees and attorney fees shall be allowed as a matter of course to the party entitled thereto, without the filing of a statement of disbursements." (Emphasis supplied.)

Defendant's statement of costs and disbursements is unverified. In accordance with ORS 20.320, no disbursements may be allowed merely by reason of its having been served and filed. Defendant is entitled only to those "[a]ppearance fees, trial fees and attorney fees" that would be awarded had he filed no petition or cost bill.

Petition for attorney fees is denied; and costs, except for those that would be awarded had no cost bill been filed, are denied.

---

[2] Attorney fees were not awarded by the trial court.