Argued and submitted March 29, affirmed on appeal and cross-appeal August 24, 1988

ROBINSON,
*Appellant - Cross-Respondent,*

*v.*

SCHOOL DISTRICT NO. 1 et al,
*Respondents - Cross-Appellants.*

(A8410-05856; CA A43410)

759 P2d 1116

Robert K. Udziela, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were Daniel C. Dziuba and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

James N. Westwood, Portland, argued the cause for respondents - cross-appellants. With him on the brief were Jeffery B. Millner and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff alleges, *inter alia,* that defendants committed an unlawful employment practice under ORS 659.420 and discriminated against her on the basis of her race, gender and handicap and in retaliation for filing a workers' compensation claim. Defendants counterclaimed for attorney fees under ORS 659.121. After a trial to the court, judgment was entered in favor of defendants on plaintiff's claims. Defendants' claim for attorney fees was denied. Plaintiff appeals and defendants cross-appeal. We affirm.

Plaintiff, now 38 years old, is a black woman who began working as a teacher for defendants in 1971. She has suffered from a degenerative condition in her hips since she was a child. By 1979, her hip condition had deteriorated to the point that a total left hip arthoplasty was required. In February, 1980, and again in February, 1981, plaintiff was injured at work when she was run into by students. The injuries aggravated her hip condition, but she was able to continue teaching. She did, however, miss the last three weeks of the 1981 school year due to the injuries.

Defendants assigned plaintiff as a "loaned executive" to the United Way from August to November, 1981. She then worked until June, 1982, for defendants in a non-teaching position in which she helped create programs to assist students who were low achievers. No funding was available for that position beyond June, 1982. Plaintiff then requested that defendants place her in another non-teaching position with no student contact. She filed this action in October, 1984, seeking damages for lost wages and benefits and for reinstatement with defendants. She was not, however, offered reemployment until July, 1985, when a position in defendants' teacher support center became available. Plaintiff worked in that position from October, 1985, until June, 1986, when she began working for the Bonneville Power Administration, and in August she notified defendants that she was voluntarily resigning from the teacher support center position.

We first address plaintiff's claim brought under ORS 659.420,[1] which provides, in pertinent part:

---

[1] Plaintiff's race and gender discrimination claims lack merit and require no discussion.

"(1) A worker who has sustained a compensable injury and is disabled from performing the duties of the worker's former regular employment shall, upon demand, be reemployed by the worker's employer at employment which is available and suitable.

"\* \* \* \* \*

"(4) Any violation of this section is an unlawful employment practice."

Subsection (1) unambiguously requires that, on demand of an injured employe, the employer *must* offer the employe a suitable job when it becomes available. *Carney v. Guard Publishing Co.*, 48 Or App 147, 152, 616 P2d 548, *modified on other grounds,* 48 Or App 927, 630 P2d 867, *rev den* 290 Or 171 (1980); *see* OAR 839-06-100 to 839-06-165. Here, it is undisputed that plaintiff was disabled from performing the duties of her former teaching position, that she demanded reemployment with defendants in an available and suitable position and that defendants had positions that were available. The issue presented is whether any of the available positions were "suitable" within the meaning of ORS 659.420.

■ In enacting ORS 659.400 to ORS 659.435 (the Act), "the legislature intended the fullest employment of handicapped persons which is compatible with the reasonable demands of the job." *Montgomery Ward v. Bureau of Labor,* 280 Or 163, 168, 570 P2d 76 (1977); *see* ORS 659.405.[2] The legislature authorized the Bureau of Labor and Industries to establish rules interpreting the Act, ORS 659.103(1)(e); under that authority, the Bureau has promulgated OAR 839-06-145, which provides, in pertinent part:

---

[2] ORS 659.405 provides:

"(1) It is declared to be the public policy of Oregon to guarantee handicapped persons the fullest possible participation in the social and economic life of the state, to engage in remunerative employment, to use and enjoy places of public accommodation, resort or amusement, and to secure housing accommodations of their choice, without discrimination.

"(2) The right to otherwise lawful employment without discrimination because of handicap where the reasonable demands of the position do not require such a distinction, and the right to use and enjoy places of public accommodation, resort or amusement, and to purchase or rental of property without discrimination because of handicap, are hereby recognized and declared to be the policy of the State of Oregon to protect these rights and ORS 659.400 to 659.435 shall be construed to effectuate such policy."

"(1)  ORS 659.415 and 659.420 require employers to reinstate/reemploy the injured worker in work that is suitable. * * * In determining whether a particular job offer is suitable[,] the [Civil Rights] Division will consider the employer's size, diversity, nature and pattern of job openings and whether the injured worker is qualified to perform the job. Qualified means:

"(a)  The injured worker meets minimum standards used by the employer in filling a job(s);

"(b)  The injured worker has previously done the job in an acceptable manner; or

"(c)  The injured worker would be qualified for the job with the same training given a new hire in an entry level position;

"(d)  The Division will consider the injured worker qualified if he/she meets one of these provisions unless the employer can offer evidence to show that the worker is, in fact, not qualified."

Although the term "suitable" is not a highly technical one requiring a high degree of deference to the Bureau's expertise, the rule does provide a practical interpretation of the statutory term. We find persuasive the Bureau's interpretation of the term. *See Knapp v. City of North Bend,* 304 Or 34, 41, 741 P2d 505 (1987).

On *de novo* review of the record,[3] *Wincer v. Ind. Paper Stock Co.,* 48 Or App 859, 864, 618 P2d 15 (1980); ORS 19.125(3), we find that the available jobs either required student contact, which plaintiff testified that she would not have accepted, or an advanced degree or certification beyond that held by plaintiff, so that plaintiff was not "qualified" under OAR 839-06-145(1). Furthermore, the testimony that those requirements *generally* could have been waived by defendants was not persuasive. For those reasons, we conclude that defendants had no "suitable" positions available to offer plaintiff. Defendants therefore did not violate ORS 659.420, and we affirm the judgment for defendants on that claim.

■     The trial court denied defendants' claim for attorney fees under ORS 659.121, which provides, in pertinent part:

---

[3] The 1987 amendment to ORS 659.121(2), providing for trial by jury, does not apply to this case. *See* Or Laws 1987, ch 822, § 1.

"In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable fees at trial and on appeal."

In *Payne v. American-Strevell, Inc.,* 65 Or App 265, 268, 670 P2d 1065 (1983), we denied the defendant's petition for attorney fees brought under the same statute, because we did not find the plaintiff's claims to be "frivolous, unreasonable or without foundation." We make the same finding here and affirm the trial court's denial of defendants' claim for attorney fees. On the same basis, we also deny defendants' request for attorney fees on appeal.

Affirmed on appeal and on cross-appeal.