On petition for review filed January 30, petition for review allowed, the decision of the Court of Appeals vacated and case remanded to Court of Appeals for further proceedings April 4, 1989

## TYLER,
*Petitioner on Review,*

*v.*

## HARTFORD INSURANCE GROUP et al,
*Respondents on Review.*

(TC 87-04-21572-L; CA A45275; SC S35899)

771 P2d 274

Donald E. Tyler M.D., Ontario, *pro se,* for petitioner on review.

No appearance *contra.*

PER CURIAM

## PER CURIAM

Plaintiff petitions for review of a Court of Appeals order dated January 12, 1989, awarding attorney fees to certain defendants in this case.[1] We allow review, vacate the Court of Appeals order, and remand to the Court of Appeals for further proceedings.

The Court of Appeals order provides in part:

> "The petition for attorney fees filed by [counsel] on behalf of respondents * * * is allowed in the amount of $6,649.75. * * *.

> "The petition for attorney fees filed by [counsel] on behalf of respondents * * * is allowed in the amount of $4,610. * * *."

The order does not cite any statutory or other authority for the award of attorney fees. Both petitions for attorney fees, however, were based solely on ORS 20.105(1), which provides:

> "In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

That statute does not expressly require the Court of Appeals to make findings on the record. Nevertheless, we conclude that findings are required. Otherwise, we have no basis upon which to review the award of attorney fees, nor to consider what the Court of Appeals understood the relevant statutory words to mean. Accordingly, we remand this case to the Court of Appeals to make the necessary findings to support its order.

The petition for review is allowed. The decision of the Court of Appeals is vacated. The case is remanded to the Court of Appeals for further proceedings.

---

[1] The Court of Appeals affirmed this case on its merits October 5, 1988, and entered its order awarding attorney fees January 12, 1989. This court denied review January 18, 1989, and plaintiff's petition for reconsideration was denied on April 4, 1989.