Argued and submitted November 3, 1997, order of the Court of Appeals
vacated and case remanded to that court April 23, original decision adhered to on
reconsideration June 11, 1998
See 327 Or 185, 957 P2d 1207 (1998)

## Terry B. McCARTHY,
*Petitioner on Review,*

*v.*

## OREGON FREEZE DRY, INC.,
an Oregon corporation,
*Respondent on Review.*

(CC 93-0020; CA A87840; SC S43877)

957 P2d 1200

William G. Wheatley, of Jaqua & Wheatley, P.C., Eugene, argued the cause for petitioner on review. With him on the briefs was Nickolas Facaros, Eugene.

William F. Gary, of Harrang Long Gary Rudnick P.C., Eugene, argued the cause for respondent on review. With him on the briefs were Judith Giers, Eugene, and Brendan Dunn, Salem.

Stephen L. Brischetto, Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

DURHAM, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision. Graber, J., resigned March 31, 1998, and did not participate in this decision.

**DURHAM, J.**

The issue in this proceeding is whether the Court of Appeals erred in awarding attorney fees on appeal to defendant. Because the order awarding attorney fees lacks necessary findings to explain the legal and factual basis for the award, we vacate the order and remand the case to the Court of Appeals for further proceedings.

Plaintiff worked for defendant as a forklift operator. In August 1991, plaintiff filed a claim for workers' compensation benefits for an on-the-job injury. On October 7, 1991, defendant terminated plaintiff's employment.

On October 6, 1992, plaintiff filed this action against defendant for breach of employment contract, wrongful discharge, unlawful employment practices and reckless infliction of severe emotional distress. Plaintiff based his claim for unlawful employment practices on ORS 659.121[1] and alleged generally that defendant had discriminated against plaintiff because of his workers' compensation claim in violation of ORS 659.410 to ORS 659.420.[2]

---

[1] ORS 659.121 provides, in part:

"(1) Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS 25.363, 399.235, 659.030, 659.035, 659.227, 659.270, 659.295, 659.330, 659.340, 659.410, 659.415, 659.420, 659.425 or 659.470 to 659.494 may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employees with or without back pay. Back pay liability shall not accrue from a date more than two years prior to the filing of a complaint with the Commissioner of the Bureau of Labor and Industries, pursuant to ORS 659.040, or if no such complaint has first been filed, then, more than two years prior to the filing of the civil suit provided for in ORS 659.040, 659.045, 659.095 and this section. In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal.

"(2) Any person claiming to be aggrieved by alleged violations of ORS 659.033(1) or (3), 659.295 or 659.400, 659.405, 659.410(1), 659.415 to 659.435 and 659.550 may file a civil action in circuit court to recover compensatory damages or $200, whichever is greater, and punitive damages. In addition, the court may award relief authorized under subsection (1) of this section and such equitable relief as it considers appropriate. At the request of any party, the trial of such case shall be by jury. In any action brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal. Any attorney fee agreement shall be subject to approval by the court."

[2] ORS 659.410(1), 659.415(4), and 659.420(5) declare that violations of the rights of injured workers, as described in those sections, are unlawful employment practices. Violations of those sections are actionable under ORS 659.121(1) and (2).

On August 31, 1993, plaintiff filed a notice of dismissal pursuant to ORS 12.220 and ORCP 54 A(1). Defendant sought an award of its attorney fees but later withdrew that request.[3] The court entered a judgment of dismissal on December 7, 1993.

On December 5, 1994, plaintiff filed a motion under ORCP 71 B to set aside the judgment of dismissal and to reinstate the action. He also filed a second amended complaint that restated his claim against defendant under ORS 659.121 for unlawful employment practices. The court denied plaintiff's motion on the ground that plaintiff had not shown that the court had entered the judgment due to his excusable neglect.

Plaintiff appealed, arguing that the trial court had erred in refusing to set aside its judgment dismissing the action. The Court of Appeals affirmed without opinion, and this court denied review. *McCarthy v. Oregon Freeze Dry, Inc.*, 142 Or App 595, 922 P2d 729, *rev den* 324 Or 322 (1996).

Following plaintiff's loss of his appeal, defendant petitioned for attorney fees on appeal in the sum of $18,268, arguing that it was a prevailing party under ORS 659.121(1) and that plaintiff's appeal was frivolous. Plaintiff filed objections. On November 20, 1996, the Court of Appeals entered an order that stated only the following: "Respondent's petition for attorney fees is allowed in the amount of $12,000." This court granted review of that order.

Plaintiff argues that the award of attorney fees on appeal is flawed on both procedural and substantive grounds. First, plaintiff contends that defendant failed to comply with various provisions of ORCP 68 C in seeking fees on appeal. Plaintiff relies on ORCP 68 C(1), which provides:

"Notwithstanding Rule 1 A and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof,

---

[3] On October 5, 1993, defendant filed a separate action against plaintiff to recover the cost of its attorney fees in defending plaintiff's action. Plaintiff filed counterclaims that restated his claims for unlawful employment practices and wrongful discharge from his original action. The parties dispute the legal effect of that separate action. We conclude that that action is not material to the issues that we decide here.

and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees, except where:

"C(1)(a)   Such items are claimed as damages arising prior to the action; or

"C(1)(b)   Such items are granted by order, rather than entered as part of a judgment."

Plaintiff points out that ORCP 68 C(1) provides that ORCP 68 governs in "all cases" and "[n]otwithstanding Rule 1 A," subject to exceptions that do not apply here. Defendant responds that the Oregon Rules of Civil Procedure (ORCP) apply only in trial courts, not appellate courts.

■      Because plaintiff's arguments based on defendant's noncompliance with ORCP 68 fail if that rule is inapplicable, we address that question first. In answering the question whether ORCP 68 applies to an award of attorney fees by the Court of Appeals, this court's objective is to discern and give effect to the legislature's intention. The first step toward that objective is the examination of the text and context of the material provisions of the ORCP. In conducting that examination, we follow the interpretive methodology that applies in the construction of statutes. *See State v. Arnold*, 320 Or 111, 119, 879 P2d 1272 (1994) (because a provision of the ORCP "is a statute," the court discerns the meaning of the rules of civil procedure by applying the methodology for statutory interpretation set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993)); *see also Pamplin v. Victoria*, 319 Or 429, 433, 877 P2d 1196 (1994) (ORCP is subject to "the usual method of statutory interpretation," citing *PGE*).

On its face, ORCP 68 would seem to apply. Certainly the phrase "in all cases" supports such a reading. We turn to context to determine whether there is anything at the first level of analysis that calls into question the apparently absolute declaration in ORCP 68 C(1). *See PGE*, 317 Or at 610 (court examines both text and context at first level of analysis).

ORCP 68 C(1) cross-references ORCP 1 A, which is context for ORCP 68 C(1). ORCP 1 A provides:

"These rules govern procedure and practice in all circuit courts of this state, except in the small claims department of circuit courts, for all civil actions and special proceedings whether cognizable as cases at law, in equity, or of statutory origin except where a different procedure is specified by statute or rule. These rules shall also govern practice and procedure in all civil actions and special proceedings, whether cognizable as cases at law, in equity, or of statutory origin, for the small claims department of circuit courts and for all other courts of this state to the extent they are made applicable to such courts by rule or statute. Reference in these rules to actions shall include all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin."

The context of ORCP 1 A and ORCP 68 also includes statutes that relate to the same subject as those rules. ORS 1.735(1), which is part of the context of those rules, provides, in part:

"The Council on Court Procedures shall promulgate rules governing pleading, practice and procedure, including rules governing form and service of summons and process and personal and in rem jurisdiction, in all civil proceedings in all courts of the state which shall not abridge, enlarge, or modify the substantive rights of any litigant. *The rules authorized by this section do not include* rules of evidence and *rules of appellate procedure.*" (Emphasis added.)

ORCP 1 A does not resolve completely the question whether the ORCP apply to appellate court proceedings. However, our examination of the context of that rule eliminates any doubt about that matter: the ORCP apply only in trial courts.

It is inescapable that rules governing the procedures for recovering an award of attorney fees in an appellate court are "rules of appellate procedure" within the meaning of ORS 1.735(1). That statute thus makes it clear that ORCP addresses *trial* procedure. It follows that ORCP 68 C(1) cannot be read plausibly to govern a claim for attorney fees in an appellate court. Thus, we reach the same conclusion here that this court reached earlier in deciding a related issue in *State ex rel KOIN-TV v. Olsen*, 300 Or 392, 394 n 1, 711 P2d

966 (1985), *viz.*, "The Oregon Rules of Civil Procedure do not govern procedure in this court."

■     Our review of the text and context of ORCP 68 C(1) satisfies us that the applicable scope of that rule is clear. Accordingly, we proceed no further. *See Jones v. General Motors Corp.*, 325 Or 404, 419, 939 P2d 608 (1997) (illustrating methodology). Defendant was not obligated to comply with ORCP 68 in seeking attorney fees in the Court of Appeals.

■     Plaintiff also argues that defendant failed to allege a claim for attorney fees in any pleading or motion in the trial court, as required by ORCP 68 C(2)(a) and (b) and, consequently, has no right to seek attorney fees on appeal. We disagree. ORS 659.121(2) does not condition the right of a prevailing party to recover attorney fees on appeal in cases of this kind on that party's compliance with rules governing recovery of attorney fees at trial. ORAP 13.10, which states the rules of procedure for seeking attorney fees on appeal, does not impose a requirement of prior notification of an attorney fee claim similar to that found in ORCP 68 C(2)(a) and (b). On appeal, a party may request attorney fees by filing a petition under ORAP 13.10. Defendant followed that procedure.

■     Plaintiff next argues that, in petitioning for attorney fees, defendant violated ORAP 13.10(5), which provides, in part:

> "A petition shall state the total amount of attorney fees claimed *and the authority relied on for claiming the fees.*" (Emphasis added.)

Plaintiff contends that he filed this action under ORS 659.121*(2)*, but defendant petitioned for fees pursuant to ORS 659.121*(1)*. According to plaintiff, ORS 659.121(1) is not "authority," within the meaning of ORAP 13.10(5), for recovery of a fee in an action filed under ORS 659.121(2). We disagree.

■     The requirement in ORAP 13.10(5) of a statement of the "authority relied on" is not a jurisdictional prerequisite, but is a direction to the parties to assist the appellate court in

determining whether the court has authority to award attorney fees on appeal. ORS 659.121(1) and (2) *both* authorize the court to award attorney fees "at trial and on appeal." The actions authorized by those subsections differ only slightly. Subsection (1) permits an action that seeks equitable relief. Subsection (2) permits an action that seeks both equitable relief and money damages. Defendant's citation to subsection (1) met the requirement of ORAP 13.10(5), even though it referred to the incorrect subsection of the correct statute, because it reasonably served to guide the court to the source of its authority to award an attorney fee. Nothing in the record indicates that defendant's citation caused any prejudice or confusion below. From all that appears before us, the parties litigated the issue of the court's authority to award fees under ORS 659.121 without regard to the reference to subsection (1) in the petition or the substantive distinctions between subsections (1) and (2). Moreover, those distinctions could not have made a difference here, because plaintiff did not prevail below and, consequently, obtained no relief. No reversible error arises from the fact that defendant cited ORS 659.121(1) in the petition for attorney fees.

■     Plaintiff further argues that ORS 659.121, as interpreted by numerous cases from the Court of Appeals, bars recovery of attorney fees by a prevailing defendant in the absence of a showing that plaintiff's claim is frivolous, unreasonable, or without foundation. Plaintiff contends that defendant's petition made no such showing and that the Court of Appeals' order contains no findings of fact or conclusions of law explaining that the court agreed with defendant's theory. Defendant responds that ORS 659.121(2) does not require the showing to which plaintiff refers and that, even if it did, defendant did show that plaintiff's appeal was frivolous.

Several rules are relevant to our response to the parties' arguments. ORS 659.121(2) provides that "the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal." ORS 20.075[4] provides the factors that

---

[4] ORS 20.075 was enacted in 1995, Or Laws 1995, ch 618, § 6, and provides, in part:

"(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which attorney fees are authorized by statute and in which the court has discretion to decide whether to award attorney fees:

the court must consider in deciding whether and to what extent to award attorney fees under ORS 659.121(2). ORS 20.075 applies to an award of attorney fees by a "court." Thus, ORS 20.075 applies to an award of attorney fees by an appellate court as well as a trial court.

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case.

"(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which attorney fees are authorized by statute and in which the court has discretion to decide whether to award attorney fees. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

"(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

"(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

"(c) The fee customarily charged in the locality for similar legal services.

"(d) The amount involved in the controversy and the results obtained.

"(e) The time limitations imposed by the client or the circumstances of the case.

"(f) The nature and length of the attorney's professional relationship with the client.

"(g) The experience, reputation and ability of the attorney performing the services.

"(h) Whether the fee of the attorney is fixed or contingent.

"(3) In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion."

Plaintiff is correct in asserting that, before the enactment of ORS 20.075, the Court of Appeals, relying on the discretionary character of ORS 659.121, had construed ORS 659.121 to require the use of a different standard in awarding attorney fees to prevailing plaintiffs and to prevailing defendants. The Court of Appeals has said:

> "[R]elying on comparable federal law, we have construed the apparently discretionary language of ORS 659.121(1) to require an award of attorney fees to a prevailing plaintiff but to limit an award to a prevailing defendant to situations in which the plaintiff's claim was frivolous, unreasonable, or without foundation. *Robinson v. School District No. 1*, 92 Or App 627, 631-32, 759 P2d 1116 (1988); *Payne v. American-Strevell, Inc.*, 65 Or App 265, 670 P2d 1065 (1983)."

*Schlumberger Technologies, Inc. v. Tri-Met*, 145 Or App 12, 21 n 9, 929 P2d 331 (1996), *mod on other grounds* 149 Or App 316, 942 P2d 862, *rev den* 325 Or 80 (1997). *See Dobie v. Liberty Homes*, 53 Or App 366, 374, 632 P2d 449 (1981) (in seeking fees under ORS 659.121(1), the prevailing defendant must show that "the claim is brought in bad faith, is unreasonable or groundless").

The "comparable federal law" to which the Court of Appeals referred included *Christiansburg Garment Co. v. EEOC*, 434 US 412, 98 S Ct 694, 54 L Ed 2d 648 (1978), which held that a different standard applied to an award of attorney fees against a losing plaintiff under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq.*, because, according to the Court:

> "To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." 434 US at 422.

Defendant's claim that the text of ORS 659.121 does not permit the Court of Appeals to adopt the discretionary rule described in *Schlumberger Technologies* raises an issue that we need not resolve here. ORS 20.075 is part of the context for ORS 659.121, because it addresses related subject matter. *See PGE*, 317 Or at 611 (context includes other related statutes). ORS 20.075(1)(c) requires the Court of

Appeals, in deciding whether to award an attorney fee pursuant to discretionary statutes such as ORS 659.121, to consider, among other things, "[t]he extent to which an award of an attorney fee in the case would deter others from asserting good faith claims * * *." Properly understood, the question is not, as defendant states, whether ORS 659.121, standing alone, authorizes the Court of Appeals to enforce its *Schlumberger Technologies* rule. Rather, the question is whether ORS 659.121 and ORS 20.075, when interpreted together, authorize the *Schlumberger Technologies* rule. In view of the discretionary character of ORS 659.121 and the text of ORS 20.075(1)(c), we think that the answer is yes.

Our inquiry does not end, however, with the determination that the Court of Appeals lawfully *could* have applied its *Schlumberger Technologies* rule if it chose to do so. Defendant also asserts that the Court of Appeals necessarily must have accepted its argument that plaintiff's appeal was frivolous because that was defendant's only argument below. We disagree. As discussed above, defendant also claimed, incorrectly, that the Court of Appeals was not entitled to require it to show that plaintiff's appeal was frivolous.

■  Defendant also contends that some criteria stated in ORS 20.075 authorize the court to deter frivolous litigation through an award of attorney fees. *See* ORS 20.075(1)(b) (requiring consideration of the "objective reasonableness of the claims * * * asserted by the parties") and (d) (requiring consideration of the "extent to which an award of an attorney fee in the case would deter others from asserting meritless claims * * *"). Defendant asks this court to hold that, in view of the probability that the Court of Appeals relied on that permissible rationale, that court did not abuse its discretion in awarding attorney fees.

Plaintiff argues that neither his appeal nor his underlying claim was frivolous, as required by the *Schlumberger Technologies* rule, and that the record before the Court of Appeals does not support that conclusion under ORS 20.075 or any other applicable statute. Plaintiff also argues that, if this court chooses not to require a showing of "frivolousness," and modifies the rule stated in *Schlumberger Technologies*, any new less stringent standard should apply only prospectively in light of plaintiff's reasonable reliance on

that case. *See Peterson v. Temple*, 323 Or 322, 332-34, 918 P2d 413 (1996) (discussing the prospective application of a change in law). Finally, plaintiff argues that this court has required the Court of Appeals, in analogous circumstances under ORS 20.105(1),[5] to make findings on the record to support an award of attorney fees and has held that such special findings are a prerequisite for meaningful review of any award.[6]

We address only the parties' arguments regarding the lack of special findings to support or explain the order under review. The Court of Appeals order awarding attorney fees gave no explanation, through special findings of fact or otherwise, of the court's basis for the award.

We agree that ORS 20.075 states criteria that the Court of Appeals, and any other court, shall consider in determining whether and to what extent to award attorney fees pursuant to statute. ORS 20.075(3) contemplates appellate review of an award of attorney fees that is subject to that statute for abuse of discretion.

In *Tyler v. Hartford Insurance Group*, 307 Or 603, 771 P2d 274 (1989), this court declined to review an award of attorney fees under ORS 20.105(1) by the Court of Appeals, because that court's failure to state its special findings to support the award obstructed the process of appellate review by this court. The court remanded the case for necessary findings, although the applicable statute did not require findings expressly, stating:

> "That statute does not expressly require the Court of Appeals to make findings on the record. Nevertheless, we

---

[5] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

[6] Plaintiff raised the issue of the lack of special findings in his petition for review to this court. He was not required to take action to preserve that issue below, because it arose when the Court of Appeals issued its order.

conclude that findings are required. Otherwise, we have no basis upon which to review the award of attorney fees, nor to consider what the Court of Appeals understood the relevant statutory words to mean." *Id.* at 605.

In *Mattiza v. Foster*, 311 Or 1, 10-11, 803 P2d 723 (1990), this court made a similar point, this time with regard to an award of attorney fees by a trial court:

"[T]he award of attorney fees under ORS 20.105(1) is a situation in which special findings are a prerequisite to meaningful review by an appellate court. Not only should the trial court make findings regarding the merit of the party's claim, defense, or ground for appeal or review, and which of the three grounds under ORS 20.105(1) the court is considering, but it should also specify which actions of the party are violative of the statute." (Citations omitted.)

The issue addressed in those passages from *Tyler* and *Mattiza* is indistinguishable from the issue that this court faces under ORS 20.075. As a practical matter, this court cannot analyze the record to determine whether a court's decision to award or deny an attorney fee pursuant to statute was an abuse of discretion unless the court, in its findings, identifies the relevant facts and legal criteria on which the court relies in awarding attorney fees. Because the rationale in *Tyler* and *Mattiza* controls here, we vacate the order awarding attorney fees and remand for further proceedings.

The order of the Court of Appeals is vacated and the case is remanded to that court for further proceedings.