On reconsideration of opinion filed April 23,* opinion (327 Or 84, 957 P2d 1200 (1998)) clarified; original decision adhered to June 11, 1998

## Terry B. McCARTHY,
*Petitioner on Review,*

*v.*

## OREGON FREEZE DRY, INC.,
an Oregon corporation,
*Respondent on Review.*

(CC 93-0020; CA A87840; SC S43877)

957 P2d 1200

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Kulongoski, and Leeson, Justices.**

DURHAM, J.

---

\* 327 Or 84, 957 P2d 1200 (1998).

\*\* Fadeley, J., retired January 31, 1998, and did not participate in this decision. Graber, J., resigned March 31, 1998, and did not participate in this decision.

## DURHAM, J.

The court has decided, on its own motion, to reconsider its opinion in this case in order to clarify the Court of Appeals' task on remand.

As noted in our opinion, *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 87, 957 P2d 1200 (1998), defendant petitioned for attorney fees on appeal in the sum of $18,268. Plaintiff filed several objections. In response, the Court of Appeals, with no written findings or explanation, awarded attorney fees to defendant in the sum of $12,000. Plaintiff sought review claiming, among other things, that the award of attorney fees constituted an abuse of discretion and was unaccompanied by any explanation that might permit meaningful review of the award by an appellate court.

After discussing pertinent authorities, this court said:

"As a practical matter, this court cannot analyze the record to determine whether a court's decision to award or deny an attorney fee pursuant to statute was an abuse of discretion unless the court, in its findings, identifies the relevant facts and legal criteria on which the court relies in awarding attorney fees. Because the rationale in *Tyler* [*v. Hartford Insurance Group*, 307 Or 603, 771 P2d 274 (1989),] and *Mattiza* [*v. Foster*, 311 Or 1, 803 P2d 723 (1990),] controls here, we vacate the order awarding attorney fees and remand for further proceedings." *McCarthy*, 327 Or at 96.

*McCarthy* followed two earlier cases, *Tyler* and *Mattiza*, that also required findings regarding the relevant facts and legal criteria for an attorney fee award even though, as the opinion in each case acknowledged, the statute that described the relevant legal criteria in those cases did not require findings expressly. Those cases make it clear that the requirement of explanatory findings stems not from a statute or rule of appellate procedure but from prudential and practical considerations that undergird the interests of the parties and the court in meaningful appellate review of an award or denial of attorney fees.

*McCarthy* states that "the court, in its findings, [must] identif[y] the *relevant* facts and legal criteria *on which*

*the court relies* in awarding attorney fees." *Ibid.* (emphasis added). We take this opportunity to explain that statement in greater detail. That passage echoed what this court had said with respect to the same question in *Mattiza* and, to a lesser degree, *Tyler*. Because the practical needs of meaningful appellate review underlie the court's obligation to make explanatory findings, that obligation extends only to the facts and legal criteria that the circumstances of the particular case require the court to address in making its decision to award or deny attorney fees. Facts and legal criteria that are immaterial to the court's decision are just that: immaterial. Consistent with what this court said in *McCarthy*, *Mattiza*, and *Tyler*, a court is under no obligation to make findings about irrelevant or immaterial factual matters or legal criteria in explaining an award of attorney fees.

For example, ORS 20.075(1) lists eight nonexclusive factors that a court must consider in deciding *whether* to make a discretionary award of fees pursuant to statute. If the court decides, pursuant to subsection (1), to award attorney fees, ORS 20.075(2) requires the court, in deciding the *amount* of the award, to consider all the factors listed in subsection (1), together with an additional eight factors listed in subsection (2)(a)-(h). After considering the required factors and any objections to the petition for attorney fees, a court in a hypothetical case may conclude that no attorney fee award is appropriate because, as contemplated by ORS 20.075(1)(c), an attorney fee award in the case "would deter others from asserting good faith claims * * * in similar cases." A court would satisfy its obligation to make findings in a case involving ORS 20.075 by including in its order a brief description or citation to the factor or factors on which it relies in denying an award of attorney fees. The court would have no obligation to make findings on other statutory criteria that play no role in the court's decision.[1]

---

[1] Another hypothetical example may further serve to illustrate the practical nature of the court's task in stating its findings regarding an award of attorney fees. If a petition seeks payment for 60 hours of attorney time at $200 per hour, and the court believes that some lesser award is appropriate, the court could state in its order that, relying on the factors in ORS 20.075(2)(a) and (g), the court concludes that a reasonable number of hours is 50 and a reasonable hourly rate is $175 per hour. Ordinarily, the court would have no obligation, beyond providing that finding, to explain why the court does not accept the requested number of attorney

Standing alone, the absence of explanatory findings to support an award or denial of attorney fees is not a ground for reversal. Findings are necessary to assist the appellate court in carrying out a meaningful review of the competing arguments of the parties and the attorney fee decision below. As a consequence of the court's role in resolving the parties' disputed claims regarding attorney fees, the objections of a party who resists a petition for attorney fees play an important role in framing any issues that are relevant to the court's decision to award or deny attorney fees. No party will be heard to complain of the absence of a finding by the court on an issue that the party did not raise in a petition, objection, or reply under ORAP 13.10(2) and (6).[2] Moreover, the court need address only the objection or objections that are material to its decision. If the court concludes that one objection is well taken and precludes an award of attorney fees, the court need only address that dispositive objection in its order. The court need not make findings about the validity of other objections that play no role in its decision.

The record on review in this case does not demonstrate the relevant facts and legal criteria that explain the basis for the award of attorney fees by the Court of Appeals. Defendant argued that it was entitled to recover attorney fees on appeal for at least two reasons. First, it asserted that it had prevailed under ORS 659.121 and that it was not required to show, under that statute, that plaintiff's appeal also was frivolous, unreasonable, or without foundation. In substance, that argument invited the Court of Appeals to disregard the rule that it had adopted in *Schlumberger Technologies, Inc. v. Tri-Met*, 145 Or App 12, 21 n 9, 929 P2d 331 (1996), *mod on other grounds* 149 Or App 316, 942 P2d 862, *rev den* 325 Or 80 (1997), and earlier cases, from the comparable federal rule announced in *Christiansburg Garment Co. v. EEOC*, 434 US 412, 98 S Ct 694, 54 L Ed 2d 648 (1978).[3]

hours or the requested hourly rate as reasonable, unless a more complete explanation is necessary in a particular case to permit meaningful appellate review.

[2] For the trial court counterpart to ORAP 13.10, *see* ORCP 68 C (describing procedure for pleading, proof, and award of attorney fees in trial courts).

[3] As noted in *McCarthy*, 327 Or at 93, the United States Supreme Court, in *Christiansburg Garment Co. v. EEOC*, 434 US 412, 98 S Ct 694, 54 L Ed 2d 648 (1978), construed Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq.*,

Second, defendant argued that, if it was obligated to demonstrate that plaintiff's appeal was frivolous, it had done so.

On review, this court determined that the *Schlumberger Technologies* rule represented a permissible reading of ORS 659.121. However, this court could not determine, from the brief order awarding attorney fees or any other portion of the record, whether the court had accepted defendant's invitation to nullify its *Schlumberger Technologies* rule and award attorney fees to defendant merely for prevailing *or* whether the court had rejected that invitation and had awarded fees because it had concluded that plaintiff's appeal was frivolous, unreasonable, or without foundation, in accordance with the *Schlumberger Technologies* rule. This court also could not rule out the prospect that the court had based its attorney fees award on some other rationale that the record did not disclose.

In seeking review of the attorney fees award for abuse of discretion, ORS 20.075(3), plaintiff argued that, regardless of which possible rationale the Court of Appeals might have adopted, the award represented an abuse of discretion. In contrast, defendant predictably defended the award under any of the supporting theories that the Court of Appeals might have adopted.

Efficient and meaningful appellate review for abuse of discretion cannot occur on the present record, because we can only speculate about the possible relevant facts and legal criteria relied on for the court's award of attorney fees. Adequate findings about those matters need not be complex or lengthy. Rather, they must describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit

---

to require an award of attorney fees to a prevailing plaintiff in all but special circumstances, but to limit an award of attorney fees to a prevailing defendant to circumstances in which the plaintiff's discrimination claim was frivolous, unreasonable, or without foundation. In a line of cases commencing with *Dobie v. Liberty Homes*, 53 Or App 366, 373-74, 632 P2d 449 (1981), the Court of Appeals has followed the rule of *Christiansburg* in interpreting the prevailing party attorney fee provisions in ORS 659.121. *See Robinson v. School District No. 1*, 92 Or App 627, 631-32, 759 P2d 1116 (1988); *Payne v. American-Strevell, Inc.*, 65 Or App 265, 267-68, 670 P2d 1065 (1983) (concluding that the rationale of *Christiansburg* was "compelling"). *Schlumberger Technologies* is the most recent case from the Court of Appeals that follows the *Christiansburg* standard.

meaningful appellate review. Our opinion in this case adopted that description of the requirement of findings on appellate review of an award of attorney fees from *Mattiza* and *Tyler* and, after reconsideration, we adhere to that description.

Opinion clarified. Original decision adhered to.