Submitted on remand from the Oregon Supreme Court June 26, and on motion filed May 14, 1998 by Robert C. Wyatt, Inc., for permission to appear *amicus curie*, motion denied; respondent's petition for attorney fees granted March 3, 1999

## Terry B. McCARTHY,
*Appellant,*

*v.*

## OREGON FREEZE DRY, INC.,
an Oregon corporation,
*Respondent.*

## (93-0020; CA A87840)

976 P2d 566

Nickolas Facaros, Gildea & Facaros and Emmons, Kropp, Kryger, Alexander, Egan & Allen for appellant.

William F. Gary, Judith Giers, Emily K. Newton and Harrang Long Gary Rudnick for respondent.

Bruce H. Orr and Meyer & Wyse, LLP, for motion.

Before Haselton, Presiding Judge, and Landau and Armstrong, Judges.

LANDAU, J.

**LANDAU, J.**

On remand from the Supreme Court, we are required to reexamine and explain the basis for our award of attorney fees to defendant. Based on the rule acknowledged in the line of cases culminating in *Schlumberger Technologies, Inc. v. Tri-Met*, 145 Or App 12, 21 n 9, 929 P2d 331 (1996), *rev den* 325 Or 80, *modified on other grounds* 149 Or App 316, 942 P2d 862 (1997), we adhere to our previous award of $12,000.

Plaintiff sued defendant for, among other things, unlawful employment practices under ORS 659.121. Plaintiff then filed a voluntary notice of dismissal under ORCP 54 A(1), and the trial court entered a judgment of dismissal. Plaintiff later moved to set aside the dismissal for excusable neglect under ORCP 71 B. The trial court denied the motion, concluding that the mistake alleged—failure to "Shepardize" a key case—was not excusable. Plaintiff appealed, we affirmed without opinion, and the Supreme Court eventually denied review. *McCarthy v. Oregon Freeze Dry, Inc.*, 142 Or App 595, 922 P2d 729, *rev den* 324 Or 322 (1996).

After we affirmed without opinion, defendant petitioned for $18,268 in attorney fees under ORS 659.121(1), arguing: (a) that, contrary to our holdings in the *Schlumberger* line of cases, all it needed to show to be entitled to an award was that it was the prevailing party; and (b) that even if it also had to show that plaintiff's arguments were frivolous, it had done so. Plaintiff had two types of objections. First, plaintiff objected to the amount of the fees on the grounds that the total hours billed for writing the brief were excessive and that plaintiff should not have to pay for the hours that defendant's attorneys spent in "getting up to speed." Second, plaintiff objected to any fees being awarded on the ground that it was impossible to tell whether the underlying unlawful employment practices action was frivolous because no decision was ever made on the merits. We agreed with the first set of objections, but not with the objection to the fee award in general. Consequently, we issued an order awarding attorney fees, but in the amount of $12,000 rather than $18,268. However, we did not explain the basis for that award.

Plaintiff petitioned for review of the attorney fee award on several grounds, including that ORS 659.121, as we previously construed it, *see Schlumberger Technologies*, 145 Or App at 21 n 9, only allows a prevailing defendant to recover attorney fees if the plaintiff's claim was frivolous. The Supreme Court concluded that that construction of ORS 659.121 was a permissible one, but found it impossible to tell whether we had, in fact, made our decision on that basis. Accordingly, the Supreme Court vacated our award of attorney fees and remanded the case to us for further proceedings. *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 957 P2d 1200 (1998). After reconsidering that decision on its own motion, the Supreme Court further clarified our task on remand as "describ[ing] the relevant facts and legal criteria for the court's decision * * * in any terms that are sufficiently clear to permit meaningful appellate review." *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190-91, 957 P2d 1200 (1998).

We now clear up the confusion by rejecting defendant's invitation to nullify the line of cases culminating in *Schlumberger Technologies,* but accepting defendant's contention that plaintiff's arguments in favor of the motion to set aside were frivolous, unreasonable, or without foundation. At the outset, we note that Robert C. Wyatt, Inc., has moved for permission to appear as *amicus curiae* in this portion of the appeal. We do not believe that such an appearance would aid us in deciding the case at hand and, therefore, deny the motion.

ORS 659.121(1) provides, in part, "[i]n any suit brought under this subsection [allowing actions for unlawful employment practices], the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal." Beginning in *Dobie v. Liberty Homes*, 53 Or App 366, 632 P2d 449 (1981), we have held that the court may award a defendant attorney fees under that statute only when the "plaintiff's claim was frivolous, unreasonable, or without foundation." *Id.* at 373-74 (relying on *Christianburg Garment Co. v. EEOC*, 434 US 412, 98 S Ct 694, 54 L Ed 2d 648 (1978)). *See also Schlumberger Technologies*, 145 Or App at 21 n 9; *Robinson v. School District No. 1*, 92 Or App 627, 632, 759 P2d 1116 (1988); *Payne v. American-Strevell, Inc.*, 65 Or App 265, 268, 670 P2d 1065 (1983).

■     Plaintiff's claims with regard to the motion to set aside the voluntary dismissal were "frivolous, unreasonable, or without foundation" both before the trial court and on appeal. Plaintiff argued that the voluntary dismissal he previously obtained should have been set aside for mistake, inadvertence, surprise, or excusable neglect under ORCP 71 B. Essentially, plaintiff argued that the case on which he relied in making the decision to dismiss, *Tikka v. Martin*, 271 Or 287, 532 P2d 18 (1975), was not necessarily controlling. Plaintiff read that case to mean that he could refile another action against defendant after the voluntary dismissal. However, plaintiff noted that, had he conducted a more comprehensive survey of the case law, he would have discovered controlling cases holding that he would, in fact, not be able to refile against defendant.

■■     The decision to set aside or not set aside a judgment based on mistake, inadvertence, surprise, or excusable neglect is committed to the sound discretion of the trial court, but that discretion is controlled by certain fixed legal principles. *Financial Indemnity v. Howser*, 38 Or App 369, 371-72, 590 P2d 276 (1979). For at least a century, the general rule has been that the professional mistakes, negligence, or inadvertence of an attorney do not constitute the "mistakes, inadvertence, surprise, or inexcusable neglect" necessary to set aside a judgment. *Longyear, Admx. v. Edwards*, 217 Or 314, 319-20, 342 P2d 762 (1959) (failure of attorneys to file an appearance); *Carlson v. Bankers Discount Corp. et al*, 107 Or 686, 695, 215 P 986 (1923) (failure of attorney to file an answer); *Hicklin v. McClear*, 19 Or 508, 510-11, 24 P 992 (1890) (failure of attorneys to inform themselves of content of deed); *O. R. & N. Co. v. Gates et al*, 10 Or 514, 518 (1883) (party seeking to set aside a judgment for mistake in failing to raise a particular legal argument must show that his or her failure to make that argument is *not* due to his or her own negligence or want of diligence).

■     In light of that rule, we find that plaintiff's claim that grounds existed to set aside the judgment under ORCP 71 B was frivolous, unreasonable, or without foundation, because it lacked any legal basis. Similarly, we find that plaintiff's argument on appeal that the trial court abused its discretion

in denying that motion was frivolous, unreasonable, or without foundation, because it, too, lacked any legal basis. We further find that an award of attorney fees in this case would not deter others from asserting good faith claims or defenses in similar cases and *would* deter others from asserting meritless claims and defenses.

■        Having established that attorney fees should be awarded in this case, however, we also find that plaintiff's objections to the amount of fees requested by defendant are well-founded. Specifically, after considering the factors listed in ORS 20.075(2), we find that the amount requested for writing the brief is unreasonable, *see* ORS 20.075(2)(a), and that some of the amounts requested by defendant's new attorneys in familiarizing themselves with the case are unreasonable. *See* ORS 20.075(2)(a) & (g). Therefore, we find that attorney fees in the amount of $12,000 are reasonable in this case. Accordingly, we adhere to our earlier order awarding attorney fees in the amount of $12,000 to defendant.

Motion of Robert C. Wyatt, Inc., to appear as *amicus curiae* denied; respondent's petition for attorney fees granted in the amount of $12,000.